STATE OF GEORGIA *v.* CITY OF CHATTANOOGA.[*]

(*Knoxville.* September Term, 1925.)

1. **EMINENT DOMAIN.** Supreme court held without jurisdiction to grant writs of certiorari and supersedeas to supersede circuit court's action in discharging supersedeas granted in condemnation proceedings, where case had not been ''finally determined'' (Shannon's Annotated Code, Sections 1981-1984; Acts 1925, chapter 100, Section 10).

Where city, in condemnation proceedings, under Shannon's Annotated Code, sections 1981-1984, had *supersedeas* previously granted in circuit court, restraining city from taking property sought to be condemned, on ground that it was already being devoted to a public use discharged, supreme court *held* without jurisdiction to grant writs of *certiorari* and *supersedeas* to supersede action of circuit court in discharging *supersedeas* previously granted, in view of Acts 1925, chapter 100, section 10, reserving jurisdiction to supreme court only of cases which have been "finally determined" in lower court on demurrer, or other method not involving a review or determination of the facts, or in which all the facts have been stipulated, since case still stood in circuit court to be finally heard on the merits. (*Post*, pp. 352-355.)

Acts cited and construed: Acts 1925, ch. 100, sec. 10.

Code cited and construed: Secs. 1981-1984 (S.).

2. **COURTS.** Where member of supreme court erroneously granted writs of certiorari and supersedeas removing case to supreme court, court must discharge writs, and cannot transfer case to court of appeals

to which application should have been made (Acts 1925, chapter 100, sections 10, 11).

Where member of supreme court erroneously granted writs of *certiorari* and *supersedeas* removing case to such court under mistaken belief that it had jurisdiction, court must discharge writs, and cannot transfer case to court of appeals to which application should have been made under Acts of 1925, chapter 100, section 11; provision for transfer in section 10 being inapplicable. (*Post,* p. 355, 356.)

*Headnotes 1. Eminent Domain, 20 C. J.; Section 502; 2. Courts, 15 C. J., Section 614.

FROM HAMILTON.

APPEAL from circuit court of Hamilton county.—HON. OSCAR YARNELL, Judge.

W. L. FRIERSON, and GEO. M. NAPIER, for State of Georgia.

B. E. TATUM, J. B. SIZER, J. W. ANDERSON, and W. B. MILLER, for City of Chattanooga.

MR. JUSTICE HALL delivered the opinion of the Court.

This is a condemnation proceeding, which originated before the city commissioners of the city of Chattanooga. The proceeding was instituted by the city commissioners of Chattanooga under the general municipal condemnation statute carried into Shannon's Annotated Code at sections 1981 to 1984, inclusive.

Pursuant to these sections the city commissioners passed ordinances opening two streets through what is alleged as the railroad yard located in the city of Chattanooga, which constitutes a part of the line of railroad owned by the State of Georgia, running from Atlanta in said State to the city of Chattanooga, in Tennessee, known as the Western & Atlantic Railroad, and condemning what is alleged to be a portion of its railroad yard for that purpose. Said line of railroad is now being operated by the Nashville, Chattanooga & St. Louis Railway Company under a lease, extending over a long term of years, from the State of Georgia.

Pursuant to the statute, and the ordinances passed by the city, freeholders were appointed to assess the damages of the State of Georgia and its lessee. Said freeholders made their report, which was duly approved by the city commissioners. The city paid the damages assessed into the office of the city auditor, and gave notice to the State of Georgia and its lessee to vacate the property condemned by May 7, 1926.

The State of Georgia appealed from the report of the appraisers assessing the damages in its favor to the circuit court; and, denying the right or authority of the city to condemn its property because it was already devoted to a public use, it also filed in the circuit court a petition for writs of *certiorari* and *supersedeas,* which were granted by the circuit judge.

Thereafter the city answered the petition, expressly denying in paragraph 4 of its answer that the property proposed to be taken or condemned for said streets was being used by the State of Georgia , or its lessee, as a

part of their railroad yard or terminals, and denied that said property was devoted to a public use.

Thereafter the city made a motion in the case to have the *supersedeas* discharged. This motion was heard by the circuit judge on the petition and answer, was sustained, and the writ of *supersedeas* discharged.

Thereupon the State of Georgia presented its petition for writs of *certiorari* and *supersedeas* to a member of this court asking that the order of the circuit court discharging the *supersedeas*, granted by it be superseded, and the *supersedeas* theretofore granted be reinstated until the question at issue could be finally determined on its merits.

Upon this petition writs of *certiorari* and *supersedeas* were granted, and were issued by the clerk of this court at Knoxville, and duly served upon the city.

On May 10, 1926, the city of Chattanooga, through its attorneys, filed a motion in this court to have the writs of *certiorari* and *supersedeas* granted on said petition vacated and discharged on the ground that this court, or any member thereof, was without jurisdiction to grant said writs.

After due consideration of the city's motion, we conclude that the same must be sustained, and the writs of *certiorari* and *supersedeas* granted must be vacated and discharged. We have reached this conclusion on the ground, after mature consideration of the motion, the issues made by the petition of the State of Georgia filed in the circuit court, and the city's answer thereto, that this court is without jurisdiction of the case, and, therefore, a member of this court was without au-

thority to entertain the petition of the State of Georgia and to grant the writs therein prayed for.

By section 10 of chapter 100 of the Acts of 1925, which is an act creating the court of appeals, it is provided:

"The jurisdiction of the court of appeals shall be appellate only, and shall extend to all civil cases except those involving constitutional questions, the right to hold a public office, workmen's compensation, State revenue, mandamus, proceedings in the nature of *quo warranto,* ouster, *habeas corpus,* and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all of the facts have been stipulated. All cases within the jurisdiction thus conferred on the court of appeals shall for purposes of review be taken directly to the court of appeals in the divisions within which the cases arose, the eastern division to include Hamilton county and the western division to include Shelby county. As to all other cases the exclusive right of removal and review shall be in the supreme court. Any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof, direct to the latter court."

Section 11 provides that the court of appeals and the individual members thereof are given power to grant writs of error, *certiorari,* and *supersedeas* in cases within the jurisdiction of said court, such writs to be returnable to the court of appeals in the division in which they arose, and the practice in such cases in the court of appeals shall be the same as is now prescribed by law for the supreme court.

It will be noted that the jurisdiction of the court of appeals extends to all civil cases, except those involving constitutional questions, the right to hold a public office, workmen's compensation, state revenue, mandamus, proceedings in the nature of *quo warranto,* ouster, *habeas corpus,* "and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all of the facts have been stipulated. All cases within the jurisdiction thus conferred on the court of appeals shall for purposes of review be taken directly to the court of appeals in the divisions within which the cases arose. . . . As to all other cases the exclusive right of removal and review shall be in the supreme court."

It is further provided in said section that any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof— direct to the latter court.

In the instant case the answer of the city to the petition of the State of Georgia filed in the circuit court, upon which petition writs of *certiorari* and *supersedeas* were granted by that court, having expressly denied that the property which it was proposing to condemn for street purposes was devoted to a public use, presented an issue of fact to be determined upon proof to be heard by that court. This being true, appellate jurisdiction of the case would be in the court of appeals upon a final decision of the circuit court, and not in this court, unless the facts should be stipulated.

Section 10 of the act above referred to only reserves to this court cases which have been finally determined

State of Georgia v. City of Chattanooga.

in the lower court on demurrer, or other method not in-, volving a review or determination of the facts, or in whicn all the facts have been stipulated.

There has been no final determination of this case in the circuit court. The writ of *supersedeas* granted by that court has simply been discharged upon motion of the defendant city. The case still stands in that court to be finally heard upon the merits.

This court being without jurisdiction of the case, no member thereof was vested with authority to grant the writs of *certiorari* and *supersedeas* prayed for in the petition. The application should have been made to a member of the court of appeals.

It is said by counsel for the State of Georgia, in answer to the motion of the city to have the writs of *certiorari* and *supersedeas* vacated and discharged, that this should not be done, though granted under the mistaken belief that this court had jurisdiction of the case; that the proper course for this court to pursue is to transfer the case to the court of appeals at Knoxville.

For this contention they rely on the latter portion of section 10 of the act above referred to, which provides that any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof—direct to the latter court.

This provision applies to cases removed by appeal, or writ of error, to the wrong court, and not to cases in which this court, or some member thereof, under the mistaken belief that this court has jurisdiction, erroneously grants writs of *certiorari* and *supersedeas* removing the case to this court. Of course, if this court is without jurisdiction of a case, then it, or any member thereof,

State of Georgia v. City of Chattanooga.

cannot assume jurisdiction for the purpose of issuing writs of *certiorari* and *supersedeas*.

It results that the motion of the city must be granted, and the writs of *certiorari* and *supersedeas* discharged.