PATTI KING, COMPLAINANT, APPELLEE, *v.* W. H. KING *et al.*, DEFENDANTS, APPELLANTS.

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

E. W. Eggleston and H. B. Talley, for complainant, appellee.

R. H. Crockett, for defendants, appellants.

Mr. Justice Cook delivered the opinion of the Court.

The appeal presents the question of whether George C. Paschall, Jr., was pretermitted in his mother's will contrary to the statute, section 3925 of Shannon's Code, or whether Mrs. Paschall's land passed under the will to her brother W. E. King.

As shown by recitals in the decree and by the record, the case was presented to the chancellor upon the pleadings and exhibits thereto and upon stipulation of facts and exhibits thereto. The exhibits consist of copies of the will, copies of the probate proceedings, and copies of deeds. Appeal was prayed to this court and the record filed here. Counsel for appellants are moving to transfer the case to the Court of Appeals, insisting that determination of the legal rights of the parties will require investigation of controverted questions of fact; and that all the facts were not stipulated.

In support of the motion, counsel refer to the statute, chapter 100, Acts of 1925, and to *Gormany* v. *Ryan,* 154 Tenn., 432, and *Hibbitt* v. *Pruitt,* 162 Tenn., 285, which, with other cases, held that under the Act referred to jurisdiction is dependent upon the method of trial in the lower court and, as said in *Cumberland Trust Co.* v. *Bart,* 163 Tenn., 272, not upon the circumstance that after appeal no disputed fact remains open.

■ The jurisdiction of this court, under section 10, chapter 100, Acts of 1925, extends to all cases determined in the trial court on demurrer or other method not involving a review or determination of facts, or in which all the facts are stipulated.

All the facts considered by the chancellor were stipulated. While the stipulation reserved the right of counsel to introduce evidence, none was introduced. The exhibits considered by the chancellor were brought into the record as part of the agreed facts or as part of the pleadings. Because counsel may disagree as to the application of the undisputed facts thus presented, or may disagree about the inference to be drawn from the undisputed facts, would not, as appellants insist, "present a fact issue" and carry the case to the Court of Appeals. There is a very clear distinction between disputed facts and a controversy between counsel as to inferences that may be reasonably drawn from admitted facts.

For the reasons indicated, the motion to transfer can not be allowed.