POSTON *v.* AETNA INS. CO. *et al.*

(*Knoxville,* September Term, 1945.)

Opinion filed December 1, 1945.

WILBUR W. PIPER and HOBART F. ATKINS, both of Knoxville, for appellant.

POORE, KRAMER & OVERTON, of Knoxville, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is by the original complainant from an adverse decree entered in the Chancery Court of Knox County. The original bill sought a recovery of the value of an automobile from the Ætna Insurance Company as the insurer under a theft policy, and from the defendant Heiskell for breach of a contract of bailment. While complainant's Buick automobile had been left with the defendant Heiskell for repair, it was taken from his shop without authority, by one of his employees, and wrecked on the highway in a collision. The defendant Heiskell did not plead to the bill and a *pro confesso* was taken against him. The Insurance Company met the bill with a demurrer, which was in part sustained by the chancellor, but at the time he sustained the demurrer, he refused to permit an appeal by the complainant.

Subsequently, four depositions were taken and filed in the record. The chancellor then rendered a final decree which recites: "This cause came on to be finally heard on this September 20, 1945, before the Honorable A. E. MITCHELL, Chancellor, upon the original bill, judgment *pro confesso* heretofore taken against the defendant Eugene Heiskell and depositions taken by the complainant and made a part of the record, from all of which the Court finds . . ."

After rendering judgment against defendant Heiskell in this decree for $1,350, the chancellor then permitted the complainant to perfect an appeal from his former action in sustaining the demurrer of the Insurance Company.

In view of the language of the act by which the

Court of Appeals was created, Chapter 100, Public Acts of 1925, this Court has repeatedly said that we do not secure jurisdiction of a direct appeal from the lower court by reason of the fact that nothing but a question of law is presented on the appeal, but our jurisdiction in such cases depends upon the method of trial in the lower court. The Act of 1925, *supra*, gave to the Court of Appeals general appellate jurisdiction, and it is only in those specified exceptional cases that we have jurisdiction of a direct appeal from the lower court. *Cumberland Trust Co.* v. *Bart,* 163 Tenn. 272, 43 S. W. (2d) 379; *Hibbett* v. *Pruitt,* 162 Tenn. 285, 36 S. W. (2d) 897; *Gormany* v. *Ryan,* 154 Tenn. 432, 289 S. W. 497. The jurisdiction of the Supreme Court under the act is not saved by the circumstance that no question of fact is involved on the appeal. Jurisdiction depends on the method of trial adopted in the trial court. *Garrett* v. *Garrett,* 156 Tenn. 253, 300 S. W. 9; *King* v. *King,* 164 Tenn. 666, 51 S. W. (2d) 488.

We think the recitation of the method of trial as it is set out in the foregoing quotation from the chancellor's decree is determinative of the present cause and of the fact that it must be transferred to the Court of Appeals.

"The jurisdiction of the court of appeals shall be appellate only, and shall extend to all civil cases . . .," excepting *cases* which have been *finally determined in the lower court on demurrer* or other method not involving a review or determination of the facts, or in which all the facts have been stipulated. All cases within the jurisdiction thus conferred on the court of appeals shall, for purposes of review, be taken directly to the court of appeals in the division within which the case arose, the eastern division to include Hamilton county and the western division to include Shelby county. As to all other cases

the exclusive right of removal and review shall be in the supreme court. Any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof, direct.'' (Emphasis ours.) Code, Sec. 10618.

█ Since the Chancellor recites in his final decree that he is determining the case on *pro confesso* and depositions, it conclusively appears that he was determining the case otherwise than on demurrer, and by a method involving a determination of the facts.

For the reasons stated, the case is transferred to the Court of Appeals for entry on its docket for further consideration.