BERNARD *v.* WALKER *et al.*

(*Knoxville,* September Term, 1945.)

Opinion filed March 2, 1946.

Rehearing Denied May 4, 1946.

EGERTON, MCAFEE & HAUK, of Knoxville, for appellants.

JENNINGS & O'NEIL, of Knoxville, and F. H. PARVIN, of Greeneville, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

This is another of several petitions recently presented to this Court praying for writs of *certiorari* and *supersedeas* in cases of which this Court did not have jurisdiction. This suit, brought by bill in the chancery court, seeks a settlement of a controversy over property rights. It does not fall within any of the enumerated classes of cases of which this Court has appellate jurisdiction under the Act of 1925, Code, Section 10618 *et seq.*, creating the court of appeals and conferring appellate jurisdiction on that court in ''all civil cases except'' certain enumerated classes, ''and excepting cases,'' not among those enumerated, ''which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all the facts have been stipulated.'' And jurisdiction is expressly conferred on the Court of Appeals, Section 10619, to act upon petitions for *certiorari* and *supersedeas,* as the Supreme court may do in cases over which it has jurisdiction.

The instant case has not been tried on its merits. The petition complains of the action of the chancellor in refusing to permit the filing of an intervening petition, a pleading alleged to be essential to the defense of petitioner's rights in the premises. It is apparent that this is not either of the enumerated cases of which jurisdiction is conferred on the Supreme Court. Petitioners say that this action of the chancellor deprives them of representation in the case and a fair opportunity to make their defense and that it is so far determinative of these rights in this regard as to be final as to them in its effect.

We are dealing here with the question of appellate jurisdiction. Regardless of whether the interlocutory order complained of is so far final as to petitioners as to authorize an application for writs of *certiorari* and *supersedeas* by petitioner, and a review at this stage of the alleged erroneous order of the chancellor striking the tendered intervening petition, it is plain that disposition of the case as a whole upon the merits must call for a determination upon disputed facts. This is determinative of the issue of jurisdiction, leaving in the court of appeals jurisdiction to pass on the application for these writs. As before stated, it is only when such a case has been *finally determined* in the trial court by a method not involving a determination of facts that the jurisdiction of the case, or any interim phase of it, is in this Court.

This case cannot be distinguished as to the jurisdictional question from *State of Georgia* v. *Chattanooga*, 153 Tenn. 349, 284 S. W. 359, in which a petition for *certiorari* and *supersedeas* was before us and this Court was held to be without jurisdiction. The jurisdiction is in the court of appeals and the petition is denied.