CHARLES D. GOINS, Adm'r, etc., *v.* ELIZABETH YOWELL *et al.*

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

CHARLES C. MOORE, of Chattanooga, for petitioners.

GOINS & GAMMON, of Chattanooga, for administrator.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The petitioners Oscar Owenby, Joe V. Williams, Jr., trustee, and Zella Armstrong have filed petitions herein for writ of error praying that a recent decree of the Chancery Court in this cause be reversed, the petitioners claiming that the Chancellor would not permit an appeal, the Chancellor being of the opinion that his decree was not a final one. The effect of the decree was to dismiss the intervening petition of the now petitioners.

The defendant Charles D. Goins, administrator, complainant below, has filed a motion to dismiss the writ of error and affirm the lower court on the ground that the decree in the lower court was an interlocutory one, and that a writ of error does not lie from any decree other than a final one. Gibson's Suits in Chancery, Sections 1270, 1272; *Vineyard* v. *Vineyard,* 26 Tenn. App. 232, 170 S. W. (2d) 917; *Hume* v. *Commercial Bank,* 69 Tenn. 220.

Without deciding the question of whether the decree below was a final one, it appears that this cause was decided by the Chancellor on proof taken on the merits of the controversy, and this being the case this Court has

no jurisdiction to pass upon the questions raised in the assignment of errors.

The jurisdiction in this Court on appeal depends on the method adopted in the trial court, and unless that method precludes a determination in that court of the facts an appeal is properly to the Court of Appeals. *Garrett* v. *Garrett,* 156 Tenn. 253, 300 S. W. 9.

The respective jurisdictions to our appellate courts depend upon the method of trial in the lower court. *Gormany* v. *Ryan,* 154 Tenn. 432, 289 S. W. 497; *Cumberland Trust Co.* v. *Bart,* 163 Tenn. 272, 43 S. W. (2d) 379; *King* v. *King,* 164 Tenn. 666, 51 S. W. (2d) 488.

The cause presented here is not one that this Court has jurisdiction, but that jurisdiction is conferred upon the Court of Appeals. Williams' Tennessee Code, Section 10618.

The above being the case this cause is transferred to the Court of Appeals as provided by said Code, Section 10618.