LAYTON DAVENPORT et ux.

*v.*

CHARLIE BLANKENSHIP et ux.

(*Nashville,* December Term, 1957.)

Opinion filed July 11, 1958.

HOYT BRYSON, Woodbury, for appellants.

HERSCHEL N. CAPSHAW, Smithville, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

This appeal is by the original complainants from an adverse decree entered in the Chancery Court at Mc-Minnville. The original bill sought an ejectment to recover possession of two strips of land which was under claim and possession of the defendants and for a determination of the boundary line between their lands and other relief.

The defendants answered and entered pleas of the Statute of Limitations of seven years and adverse possession since September 5, 1931, the date of their deed. T.C.A. sec. 28-205.

The case was heard on oral testimony before the Chancellor as well as the various exhibits filed with the pleadings. After this testimony was offered the Chancellor found and decreed that the defendants had been in adverse possession of the lands sought to be recovered for

more than twenty years and that the Statute of Limitations applied.

The land during this period of time which the complainants now own was being held by the Warren County Board of Education. After the decree of the Chancellor sustaining the Statute of Limitations, in which he held that this Statute of Limitations applied to the Warren County Board of Education, the parties perfected their appeal to this Court under the mistaken theory that since there was only a question of law involved, that is, whether or not the Statute of Limitations applied to the land being held by the Warren County Board of Education that the appeal was to this Court.

██ ██ After reading the briefs and records we have concluded that we do not have jurisdiction of the case. In cases of this kind the jurisdiction on appeal as between this Court and the Court of Appeals turns on the method of procedure in the lower court, whether or not the issues have been there presented and considered by such method as do not call for a consideration, and determination of questions of fact. When the case comes to this Court and shows on its face that the lower court determined the question on a disputed question of fact as well as exhibits filed under such circumstances the appeal is to the Court of Appeals. *Garrett v. Garrett,* 156 Tenn. 253, 300 S.W. 9.

This identical situation was presented to this Court in 1945 in the reported opinion of *Poston v. Aetna Ins. Co.,* 183 Tenn. 137, 191 S.W.2d 180, 181; this opinion sets forth the reasons why we do not have jurisdiction at the present time.

After setting forth these various reasons and citing numerous authorities therefor (*Poston v. Aetna Ins. Co.,* *supra*), the Court quotes in full the statute (Sec. 16-408, T.C.A., then Code Section 10618) applicable thereto. This same Code Section is in effect today.

The next to the concluding paragraph in the Poston case particularly fits the situation here. We said:

"Since the Chancellor recites in his final decree that he is determining the case on *pro confesso* and depositions, it conclusively appears that he was determining the case otherwise than on demurrer, and by a method involving a determination of the facts."

For the reasons above stated and those particularly as stated in the Poston case, and other cases there cited which are not again repeated here, the case is transferred to the Court of Appeals for entry on its docket and for further consideration.