ALEX BALES et al.

*v.*

ELVADA DEVAULT MCPHETRIDGE et al.

354 S. W. 2d 60.

(*Knoxville,* September Term, 1961.)

Opinion filed February 8, 1962.

LEE A. BEELER, EARL E. LEMING, Knoxville, for petitioners.

JUDD ACUFF, THURMAN AILOR, Knoxville, J. HOWARD COLLETT, Maynardville, for respondents.

MR. JUSTICE FELTS delivered the opinion of the Court.

This is a petition for writ of error presented by Lee A. Beeler, claiming as successor of complainants in title to the land involved in this litigation. The petition seeks to have this Court review and reverse an order of the Chancery Court made by that court at chambers in this cause August 21, 1959, but entered on the minutes July 11, 1960, "*nunc pro tunc* as of 8/21/59." The writ was granted by the Clerk June 21, 1961.

A motion is made by respondent to dismiss the petition upon the ground that the order sought to be reviewed was interlocutory, not a final decree, not reviewable by appeal or writ of error; and that the petition and the accompanying transcript show that this cause is still pending and undisposed of in the Chancery Court and there has been no final decree which may be reviewed by appeal or writ of error, and no decree granting any discretionary appeal.

This matter was set on the docket and oral arguments have been heard both upon the motion and upon the merits of the writ. Upon full consideration, however, it is clear we have no jurisdiction to consider either the

question raised by this motion or the merits of the petition.

This is true because the transcript shows that the pleadings made issues of fact for determination in the Chancery Court, and that this cause has not ''been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts'' (T.C.A. sec. 16-408) so as to give appellate jurisdiction to this Court rather than to the Court of Appeals. This is obvious from a short summary of the pleadings.

Petitioner, as solicitor for complainants (Alex Bales, Bessie Cooper, Grace Cooper and Paralee Devault), on December 24, 1955, filed the original bill in this cause against defendants, Elvada Devault and Luna (W. L.) Devault, administrator with the will annexed of the estate of Ida Belle Devault Clapp, deceased. It seems that Mrs. Clapp was a widow, left no surviving husband or children, and complainants were relatives, perhaps nieces and nephews of hers.

The bill averred that Mrs. Clapp, on February 14, 1955, for a valuable consideration, had conveyed all her land (two tracts together ''worth at least $9,000.00'') by two deeds to complainants; that she had also made her will disposing of her personalty, which consisted only of her household goods and other items of no practical value; that on April 9, 1955, the will had been probated and defendant W. L. Devault appointed administrator of the estate with the will annexed; but that he should be removed as such administrator, because there was no estate to be administered, the personality being

of no value and the land belonging to complainants; and because the administrator was unfriendly to complainants as owners of the land and was "undertaking to administer said real estate."

The bill further alleged that a number of claims totaling several thousand dollars, had been filed against the estate of Mrs. Clapp, deceased; but that such claims were not a proper charge against the land which she had conveyed to complainants just before her death; that they had objected to such claims, except that they were themselves willing to pay two claims: (1) a note of $800.00, with accrued interest, secured by a mortgage on the land prior to their deeds, and (2) a claim by one of complainants, Paralee Devault, for $1,185.00; and that she, as creditor, had suggested the insolvency of the estate.

The bill prayed that complainants be declared the true and lawful owners of the land, and "be put in peaceful possession thereof"; that all persons with claims against the estate be required to file and prove them in this cause; that the administration be transferred to the Chancery Court and the estate be administered as an insolvent estate; and that defendant W. L. Devault be removed as an administrator and an administrator *ad litem* be appointed in his place.

Chancellor Pack entered an order in this cause removing the administration of this estate to the Chancery Court, ordered it to be administered as an insolvent estate, and directed the Clerk and Master to give notice requiring all claimants to file their claims in this cause.

Defendant W. L. Devault, administrator, c.t.a., filed an answer and cross-bill denying that complainants had

paid any consideration for decedent's conveyances of the land to them, and averring that such conveyances had been made without consideration and to hinder and delay grantor's creditors and were fraudulent and void as to them. The cross-bill prayed that these deeds be set aside as fraudulent conveyances, and that the land be sold to pay decedent's debts and the expenses of the administration, including a reasonable fee to solicitors for cross-complainant.

Then followed an order of reference and a number of intervening petitions were filed, and exceptions to claims were filed. Complainant Paralee Devault took and filed her deposition. On July 17, 1956, the Clerk and Master filed her report setting out claims that had been filed totaling some $5,800.00.

On August 11, 1956, it appears that petitioner, solicitor for complainants, prepared an "order of dismissal" reciting that complainants who held the deeds to the land had filed the bill to have the debts of the estate fixed, and that same having been fixed by report of the Master, and having been paid by complainants together with the costs, complainants "dismiss the bill in this cause." This order was marked filed by the Clerk and Master but does not appear to have been authorized by the Chancellor or entered on the minutes.

It appears that Chancellor Parrott at his chambers on September 6, 1957, entered a decree confirming the Master's report, adjudging that complainants had not paid a valid consideration for the conveyances of the land, and that these claims constituted a valid charge against the land, and that , "under the prayer of the cross-bill," the land was ordered to be sold to pay

decedent's debts, fixing the terms of the sale. This decree was entered on the minutes August 20, 1958.

Upon petition of complainants, Chancellor Townsend, having succeeded Chancellor Parrott, entered an order September 9, 1958, staying the order of sale. It appears that on September 12, 1958, counsel for defendant W. L. Devault, administrator, c. t. a., made a motion to vacate the stay order of September 8, 1958, but there was considerable delay before a hearing was had upon this motion.

During this interim, there were a number of motions and petitions by counsel for each side; and on August 5, 1959, at chambers, Chancellor Townsend entered an order upon complainants and their solicitor, Mr. Lee A. Beeler, to show cause on or before August 14, 1959, why the stay order of September 8, 1958, should not be vacated; and on August 21, 1959, the Chancellor entered an order setting aside the earlier stay order. While this later order recites it was made at a chambers hearing August 21, 1959, it was entered July 11, 1960, *nunc pro tunc* as of August 21, 1959.

This order of July 11, 1960, seems to be the last order made in this cause, and it is the order now sought to be reviewed here on writ of error. From the above resume, it is clear that the bill and the cross-bill made issues of fact to be determined in the lower court; that they are still pending and undetermined there; or, to say the least, *this cause has not been "finally determined* in the lower court on demurrer or other method not involving a review or determination of the facts." T.C.A. sec. 16-408.

Under this statute, we have held that in all civil cases (except those specifically named) appellate jurisdiction depends on the "method" of procedure adopted in the lower court; that where the pleadings make issues of fact to be determined in the lower court, appellate jurisdiction is not in this Court but in the Court of Appeals. *First Nat. Bank of Greenwood, Miss. v. Planters' Nat. Bank of Clarksdale,* 158 Tenn. 50, 51, 12 S.W.2d 528; *Garrett v. Garrett,* 156 Tenn. 253, 255, 300 S.W. 9.

This Court has repeatedly held that appellate jurisdiction turns on the method of procedure in the lower court, whether or not such method presented issues of fact to be determined in the lower court; and that appellate jurisdiction is in this Court only in those cases where such method precluded a determination of issues of fact in the lower court, only in "cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts" (T.C.A. sec. 16-408). *Davenport v. Blankenship,* 203 Tenn. 679, 681, 315 S.W.2d 257; *Mayor of City of Jackson v. Thomas,* 202 Tenn. 26, 28, 302 S.W.2d 56; *Goins, Adm'r v. Yowell,* 199 Tenn. 167, 168-169, 285 S.W. 2d 135; *Bernard v. Walker,* 183 Tenn. 523, 193 S.W. 2d 770; *Poston v. Aetna Life Ins. Co.,* 183 Tenn. 137, 139, 191 S.W.2d 180.

In some cases like this, the writ of error has been "dismissed" (*Garrett v. Garrett,* supra); in others, the writ of error has been transferred to the Court of Appeals (*Goins, Adm'r v. Yowell,* supra), under this provision of the statute: "Any case removed by mistake to the wrong court shall by such court be trans-

ferred to the court having jurisdiction thereof, direct'' (sec. 16-408).

An order will, therefore, be entered in this Court transferring this case on the writ of error to the Court of Appeals.