John R. Long, Jr., Commissioner, etc.,

*v.*

National Bureau of Casualty Underwriters et al., and National Automobile Underwriters Association, et al.

354 S. W. 2d 255.

(*Nashville,* December Term, 1960.)

Opinion filed October 20, 1962.

436

JACK WILSON, Assistant Attorney General, for plaintiff in error.

BASS, BERRY & SIMS, Nashville, WATTERS & DONOVAN, New York City, for defendants in error.

Mr. Special Justice Howard delivered the opinion of the Court.*

This appeal involves a certiorari proceeding filed in the Circuit Court of Davidson County by two Insurance Rating Bureaus against John R. Long, Jr., State Commissioner of the Department of Insurance and Banking, State of Tennessee, to have the action of the Commissioner in disapproving a rate increase for many of the automobile insurance companies operating in Tennessee declared illegal and set aside.

The petition for certiorari alleges that petitioners are rating organizations of insurance companies writing automobile insurance in Tennessee and are duly licensed by the State to represent their members and subscribers in filing rating schedules.

Petitioners allege that a general custom has become established of fixing automobile insurance rates upon the "average experience" of a large number of companies writing such insurance, and that Statutes of Tennessee recognize and sanction that custom and require the Insurance Commissioner to give due consideration thereto.

It is further alleged that the rates recommended in the schedules filed with the Commissioner were based

---

* Retired

upon the broad experience of a large number of companies writing such insurance in Tennessee and were necessary to prevent continuing loss under existing rates and afford fair and adequate reasonable return to the majority of the automobile insurance companies operating in this State.

It is further alleged that after a hearing the Commissioner disapproved and rejected the rates filed by Petitioners without specifying in what respect such filing did not meet the statutory requirements, except that some companies were realizing adequate profits under present rates, and would receive excessive profits from approval of this filing of Petitioners.

It is alleged that the reasons thus given are "arbitrary, illegal and beyond his jurisdiction," and that the matter be remanded to the Commissioner and he be required to give consideration to the filings in accordance with the provisions of T.C.A. Title 56, Chapter 5 of the Code. A writ of certiorari was granted by the Circuit Judge, and after motion to quash was overruled, the Commissioner presented a petition for certiorari to the Chief Justice of this Court, which was ruled on and denied.

The Commissioner then filed his sworn answer to the petition, denying that he had ignored arbitrarily or otherwise the statistical data and evidence introduced at the hearing before him and averred that "such data was received and considered, and that it failed to substantiate petitioners' contentions."

The answer denies that the Commissioner is required by law to base his considerations for ratings solely on

the basis of average experience of either a large or small volume of insurance data, but must consider other factors, and from the whole determine whether the schedule of rates filed is "fair, reasonable, adequate and not unfairly discriminatory."

The answer impliedly admits that some of the petitioning bureau members were shown to be entitled to an increase in rates, while as to others present rates were shown to be adequate. The answer also avers that the filings sought changes in classifications and rules. For that and other reasons the Commissioner reached the conclusion that the uniform increase of rates applied for did not meet the requirements of the Statute.

On the issues thus made, the Circuit Judge, without reviewing the record of proceedings before the Commissioner, consisting of the testimony of the witnesses and large volumes of statistical data submitted by Petitioners, adjudged that the action taken by the Commissioner showed on its face that he did not consider the merits of the filings as required by T.C.A. 56-602(4) which provides that "Rates shall be fair, reasonable, adequate and not unfairly discriminatory."

It was further adjudged that the action of the Commissioner in disapproving the respective rate filings and the reason given by him for said action were "arbitrary, illegal and in excess of his jurisdiction, and said action is therefore set aside."

The cause was remanded to the Commissioner "for further proceedings in accordance with provisions of T.C.A., Title 56, Chapter 6, with instructions that he give consideration to the merits of said rate filings and

take action upon the merits, either approving or disapproving same and in the event of disapproval, specifying in what respects he finds that each of said filings does not meet with the requirements of Chapter 6.''

The Commissioner prayed an appeal to the Court of Appeals, but the Circuit Judge, being of the opinion that the appeal did not lie to that Court, granted an appeal to this Court.

The Commissioner now moves that the case be transferred to the Court of Appeals. That motion makes necessary consideration of the limited jurisdiction of the Circuit Court in this case, as well as the respective jurisdiction of this Court and the Court of Appeals.

The jurisdiction of the Court of Appeals, as conferred by T.C.A. 16-408, includes ''all civil cases'', excepting certain named cases, none of which includes this case, and ''excepting cases which have been finally determined in the lower court on demurrer, or other method, not involving a review or determination of the facts, or in which all the facts have been stipulated''. Construing that Statute in *Goins, Adm'r v. Yowell*, 199 Tenn. 167, 285 S.W.2d 135, it was held that ''the jurisdiction in this Court on appeal depends on the method adopted in the trial court, and unless that method precludes a determination in that court of the facts an appeal is properly to the Court of Appeals''. And in *King v. King*, 164 Tenn. 666, 51 S.W.2d 488, it was held that ''The jurisdiction of this court, * * * extends to all cases determined in the trial court on demurrer or *other method* not involving a review or determination of facts.'' (Emphasis supplied) As the issue here neither involves a ruling upon the merits nor a review

or determination of the facts, the appeal falls within the "catch all" portion of the Statute providing appeals to this Court in all cases determined in the trial court by "other method not involving a review of determination of the facts". Accordingly, we hold that the Court of Appeals does not have jurisdiction of the appeal, and the motion to transfer is denied.

In the general regulation of the business of insurance in this State the legislature created the Department of Insurance and Banking, and conferred upon the Commissioner of that Department discretionary powers, including the power to approve or disapprove rates for writing insurance.

In *Insurance Co. v. Craig,* 106 Tenn. 621, 62 S.W. 155, this Court held that the decision of the Insurance Commissioner on any matter within the scope of his authority is final and will not be reviewed by the courts, but his decision that such matter lies within the scope of his authority is reviewable. While he may construe the law for himself in the first instance, it is for the courts to finally determine whether he acted within the scope of his authority. That rule is well established. *Gatlinburg Beer Reg. Com. v. Ogle,* 185 Tenn. 482, 206 S.W.2d 891; *State ex rel. v. Board,* 122 Tenn. 161, 121 S.W. 499; *State ex rel. Allen v. Beasley,* 182 Tenn. 519, 188 S.W.2d 332; 43 Am. Jur. Sec. 255, pp. 72, 73.

In the instant case the several errors assigned present different phases of the question on whether the Statute limited the Commissioner to a consideration of the filings as made, and whether his action must be based on the average experience of a majority of the companies represented therein. In petitioners' brief they contend that

the certiorari petition was filed "for the purpose of reviewing the Commissioner's refusal to accord the rating organizations any consideration on the merits of their rate filings, and abritrarily disapproving the filings on a ground which is illegal and beyond the Commissioner's statutory jurisdiction." They further say that the relief sought by the petition "was not to obtain a judicial examination of the evidence introduced at the hearing before the Commissioner, but simply to obtain an order remanding the case to the Commissioner for his consideration and determination on the merits, it being his prerogative and his statutory duty to pass on the merits in the first instance."

The Commissioner contends that he was required to consider other factors in addition to the filings in determining whether the schedule of rates set forth in the filings meets the requirements of the Statute that "rates shall be fair, reasonable, adequate and not * * * discriminatory." T.C.A. 56-602(4).

Sub-sections 1, 2 and 3 of T.C.A. 56-602, set forth the factors that the Commissioner shall consider in making his determination. These sub-sections provide that risks may be classified and grouped for rates and minimum premiums; and that the Commissioner in fixing rates shall give consideration to:

1. Prospective loss experience both within and outside the State of Tennessee.

2. Past loss experience both within and outside the State.

3. Catastrophe hazards, if any.

4. A reasonable margin for profit and contingencies.

5. Policyholders' dividends in the case of participating insurers, and

6. All other relevant factors within and without the State.

■ If the Commissioner reached his decision from a consideration of the specified factors enumerated in the Statute, and from other relevant factors, we cannot substitute our judgment and vacate his decision. *Dunlap, et al. v. Dixie Greyhound Lines, et al.,* 178 Tenn. 532, 160 S.W.2d 413; *Tenn. Central Ry. Inc. v. Pharr, et al,* 29 Tenn. App. 531, 198 S.W.2d 289; 42 Am.Jur. Sec. 211, pp. 226-633.

In his sworn answer the Commissioner avers that his decision was based upon a consideration of the filing made by Petitioners, the evidence introduced at the hearing, and other relevant factors. He further avers that "he weighed said provisions and the proof submitted in the light of numerous other statutory tests imposed on him in arriving at his decision."

In his written decision dated September 9, 1960, the Commissioner points out that at a public hearing held August 30th through September 1st, the Petitioners' filings were carefully considered, and "based upon the matters contained in the filings, the testimony of witnesses at the hearing and upon the entire record, it is my considered opinion that the proposed revision of automobile liability insurance rules and rates does not meet the requirement that all rates be fair, reasonable, adequate, and not unfairly discriminatory." He further points out that "The filings by both bureaus were most complex and sought, in addition to rate increases, approv-

al of a 'safe driver' rating plan, a new special automobile 'package policy', special discounts for the new compact cars, and other minor changes.'' Then stating his reasons for disapproving the proposed rates increase, the Commissioner says:

''(1) We have 143 licensed companies represented in the NBCU filing. The annual statement revealing the financial conditions of numerous companies in this group show that they could not, as an individual company, substantiate a request for any increase in rate. Yet, such companies, by acting in concert with other companies in the group, if this filing be approved, would be allowed to increase their rates as much as 33 1/3% to the motorists of Memphis and Chattanooga.

''How, in good conscience, can a Tennessee Commissioner of Insurance approve a blanket increase of such proportions for a block of 143 companies when there is evidence before him that numerous companies would be the recipient of such a juicy, financial windfall?

''The basic unfairness, unreasonableness and discrimination resulting from such concerted rate making procedure is most obvious.

''While it is not denied that many of the companies in the group show the need for rate increases under Tennessee statutes, under such group filing procedure, it is difficult and well nigh impossible to grant such companies the relief sought and warranted by the facts.

''(2) We have 183 licensed companies represented in the NAUA filing joining together in a concerted request for a uniform rate increase. A study of the

over-all financial condition of the individual companies reveals that some of the companies could qualify for the proposed rate increases under our statutes. Other companies show in their sworn annual statements on file with the Tennessee Insurance Department that the requested increase is not warranted.

"(3) Finally, the department cannot close its eyes to the fact that there are many companies licensed in Tennessee today that are writing comparable coverage, but following different underwriting and merchandising principles, at rates much lower than rates presently charged by this group of companies seeking a uniform average increase of 25% in existing rates.

"While it can be argued by many that considerations such as those hereinabove set out should not enter into the rate making procedure and even into a determination of proper rates for Tennessee, I cannot bring myself to agree with them.

"We realize there is much popular support for the 'safe-driver' concept of rating that is offered in these filings. The special automobile 'economy package policy' represents a logical and reasonable approach by the bureau companies to combat many of the problems involving competition and, like the safe-driver rating concept, would improve their competitive position in the present market. The proposed compact car discount has, without exception, been approved by this department when presented to it by companies in such form that affirmative action could be taken under Tennessee statutes.

"It is our considered opinion, however, that, when each of the filings is considered as a whole, those por-

tions dealing with rates and rate increases pose such debatable questions and raise such doubts in the minds of reasonable men as to their fairness, reasonableness and possible discrimination, we must deny the filings of both bureaus. Tennessee statutes do not allow the department to modify such filings to the extent that we could approve certain portions and deny other portions of the same filing.''

■ While the Statutes authorize insurance companies to make application for approval of proposed rates in groups, it also requires the Commissioner to give due consideration to those matters specifically enumerated under T.C.A. 56-602, which provide that ''all rates shall be made in accordance with provisions 1, 2 and 3 of said Statute. Clearly, by these provisions, the Commissioner is not limited in his consideration to the loss experience shown in the filings of the group, as insisted, but he is required to give due consideration to those matters specified namely: ''to past and prospective loss experience within and outside the state, to catastrophe hazards, if any, to a reasonable margin of profit and contingencies, to policy holders' dividends in case of participating insurers, and to all other relevant factors within and outside the state.''

As appears from his written decision, the Commissioner specified several factors which he considered along with the fact that approval of the rates applied for would give to many of the members represented in the filings an increase of 33 1/3% to which they are not entitled. He thereby complied with T.C.A. 56-603(e) which provides that in the event of disapproval of a filing the Commissioner shall specify in what respect he finds that

such filing does not meet the requirements of the Statute, namely: that "rates shall be fair, reasonable, adequate and not unfairly discriminatory."

■ The Statute does not define the weight to be given to any one of the factors required to be considered. That is left to the discretion of the Commissioner. In the exercise of that discretion he should not be swayed to either sympathy or prejudice, but he must consider what is fair, just and reasonable to the insuring public as well as to the insurance companies. On this question his decision is final and not reviewable by the Courts. Nor is his decision necessarily unjust to the majority of the insurers, since they may make separate application to the Commissioner for an increase in rates to which they are justly entitled. T.C.A. 56-603(g).

■ Finally, as the proof is not before us, we must presume that the Commissioner properly complied with the duties of his office, and that his findings are supported by the proof. *Kentucky-Tennessee Light & Power Co. v. Dunlap*, 181 Tenn. 105, 178 S.W.2d 636; 20 Am.Jur. Secs. 170-173, pp. 174, 180; 43 Am.Jur. Sec. 511, p. 254.

It results for reasons herein stated that we are constrained to hold that the learned Circuit Judge erred in his judgment that the order of the Commissioner was arbitrary, illegal and beyond his jurisdiction. The judgment of the Circuit Judge is therefore reversed, the petition dismissed, and Petitioners are taxed with the costs.

All concur.

## On Petition to Rehear

Rating Bureaus have filed petition to rehear.

In support of the petition learned counsel makes an earnest, able and forceful argument; but it is only a reargument of matters already thoroughly presented and considered in our former opinion.

We feel that it would be but a restatement of our former opinion to review the matter further.

Therefore, the petition to rehear is respectfully denied.