GUY ELLENBURG and STATE of TENNESSEE for the Use of Guy Ellenburg, Petitioners, v. HARTFORD ACCIDENT & INDEMNITY CO., A. L. Shepherd, Kenneth R. Rollins, Bobby Gene Wells and Marcus Higgins, Respondents.—406 S.W.(2d) 66.

Middle Section. April 1, 1966.

Certiorari Denied by Supreme Court September 6, 1966.

R. D. Feild, Greeneville, and Philip M. Carden, Nashville, for petitioners.

Stephenson, Lackey & Holman, Nashville, for respondent, Hartford Accident & Indemnity Co.

Gullett, Steele & Sanford and W. Harold Bigham, Nashville, for A. L. Shepherd, Kenneth R. Rollins, Bobby Gene Wells and Marcus Higgins.

PURYEAR, J. In this case a petition for a common law writ of certiorari is presented to the Court by the petitioners, Guy Ellenburg and State of Tennessee for the use of Guy Ellenburg.

The brief filed by petitioners' counsel contains an accurate statement of the case, which is not controverted by counsel for the respondents and, therefore, we adopt the statement as follows:

"The petitioners here are the plaintiffs in the action pending in the court below. Five other defendants in the action filed general issue pleas in the court below (Tr. 41) and are therefore not respondents here.

The individual petitioner, a Greeneville restaurant and newsstand operator, was the successful plaintiff in error in the case of Ellenburg v. State, 215 Tenn. 153, 384 S.W.2d 29 (1964), wherein the Supreme Court de-

clared unconstitutional the former Tennessee obscenity statute, T.C.A. sec. 39-3001. In the present action he seeks damages in the first seven counts of his declaration (Tr. 5-28) from four Greeneville policemen and five state officials for what he contends were their joint torts against him during the events leading up to the abovementioned decision. In the same action, by Counts Eight (Tr. 22) and Nine (Tr. 31), he seeks recovery on the two official bonds covering four of the five state officials. The corporate respondent is named defendant in these two counts as surety on both bonds. The alleged breaches of the bonds include the allegedly tortious acts on which the first seven counts are founded.

To this declaration, the five state officials entered a joint general issue plea of not guilty as to all counts (Tr. 41). The four Greeneville policemen, the individual respondents herein, entered a plea in abatement (Tr. 42) on grounds the exclusive venue for this action as to them is Greene County because both they and the plaintiff reside there.

The surety on the official bonds, the corporate respondent here, demurred (Tr. 43) to the eighth and ninth counts of the declaration separately on grounds each of these counts was misjoined with other counts naming different defendants on different causes of action.

The demurrer was sustained after hearing September 10, 1965 (Tr. 42). The plea in abatement was sustained after hearing September 17, 1965 (Tr. 50).

This petition seeks a review and reversal of these rulings.''

The respondents A. L. Shepherd, Kenneth R. Rollins, Bobby Gene Wells, and Marcus Higgins have filed a motion to dismiss the petition for certiorari upon the following grounds:

"(1) The sustaining of the plea in abatement filed by these respondents in this case is not reviewable by the common law writ of certiorari under the provisions of Tennessee Code Annotated sec. 27-801; and

(2) in any event, the trial court acted correctly in sustaining these respondents' plea in abatement."

The respondent, Hartford Accident & Indemnity Company, has likewise filed a motion to dismiss the petition upon the following grounds:

"1. The order of the trial court sustaining the demurrer of the Respondent is not reviewable by this Court by Writ of Certiorari.

2. There was no error in the action of the trial court in sustaining the demurrer of the Respondent."

This petition and the motions to dismiss same were set for hearing and the transcript and briefs were filed. The petition and motions to dismiss have been presented and argued before the entire membership of this section of the Court.

We will first consider the motions to dismiss and since each motion involves substantially the same questions, both were submitted together and will be so disposed of in this opinion.

Five other defendants in the suit filed general issue pleas in the court below and, so far as the transcript discloses, the suit is still pending in the Circuit Court of Davidson County against these five other defendants.

■ It has been repeatedly held by this Court and our Supreme Court that the interlocutory orders of a trial court, or orders of such court prior to final detemination of the case therein, cannot be reviewed by common law writ of certiorari (which was adopted in statutory form in T.C.A. 27-801) unless each of two requirements exist.

First, that the trial court has acted illegally or without jurisdiction; and second, that there is no plain, speedy or adequate remedy other than the writ of certiorari. Hewgley v. Trice, 207 Tenn. 466, 340 S.W.2d 918; McGee v. State, 207 Tenn. 431, 340 S.W.2d 904; Helton v. State, 194 Tenn. 299, 250 S.W.2d 540; State ex rel. McMorrow v. Hunt, 137 Tenn. 243, 192 S.W. 931.

The rule is clearly and emphatically stated in State ex rel. McMorrow v. Hunt, supra, in the following language:

" 'It must be borne in mind that the functions of certiorari are simply to ascertain the validity of proceedings before a court of justice, either on the charge of their invalidity, because the essential forms of the law have not been observed, or on that of the want of jurisdiction in the court entertaining them. The writ has never been employed to inquire into the correctness of the judgment rendered where the court had jurisdiction, and was therefore competent. Hence it has been held that the supervisory jurisdiction of the court on a certiorari must be restricted to an examination into the external validity of the proceedings had in the lower court. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. The supervisory powers of the court should not be confounded with its

appellate jurisdiction.' '' State ex rel. McMorrow v. Hunt, supra, pp. 250, 251, 192 S.W. p. 933.

The petitioners' counsel cite Bales v. McPhetridge, 209 Tenn. 334, 354 S.W.2d 60, in support of their insistence that writ of certiorari should issue in this case to review the action of the trial court, but the Bales case did not involve certiorari and, therefore, it is not in point. That case involved a petition for writ of error presented to the Supreme Court, wherein that Court held, in an opinion by Mr. Justice Felts, the jurisdiction of the case was properly in the Court of Appeals and was accordingly transferred to this Court.

Petitioners' counsel also insist that this Court may, in its discretion, grant the writ under Section 27-802(3) and (5), Tennessee Code Annotated. This entire code section is as follows:

"27-802. *Cases in which writ lies.*—Certiorari lies: (1) On suggestion of diminution; (2) where no appeal is given; (3) *as a substitute for appeal;* (4) instead of audita querela; (5) *instead of writ of error.*" (italics added)

However, we find no merit in this insistence, because no final judgment has been entered in the trial court. (See opinion on petition to rehear in State ex rel. Mc-Morrow v. Hunt, supra.)

For the foregoing reasons, the motions to dismiss the petition for certiorari are sustained upon the first ground thereof.

We will not discuss the merits of the action of the trial court at this time, because any discussion thereof at present would be premature.

The case will be remanded to the Circuit Court of Davidson County, for further appropriate proceedings. The costs incident to the petition for certiorari are adjudged against the petitioners.

Shriver and Humphreys, JJ., concur.

On Petition to Rehear

PURYEAR, J. On April 4, 1966, the petitioners herein filed a petition to rehear, wherein the petitioners insist that this Court overlooked the applicability of the rule of Tennessee Central Railroad Co. v. Campbell, 109 Tenn. 640, 75 S.W. 1012, and also the rule of Medic Ambulance Service, Inc. v. McAdams, Tenn., 392 S.W.2d 103, 111.

Tennessee Central Railroad Company v. Campbell is an eminent domain case, in which the railroad sought to condemn land for railroad purposes. When the proceeding had progressed to the state of an order being entered by the trial Court holding that the railroad had the right to condemn and appointing commissioners to lay off the land condemned by metes and bounds and assess the damages, petition for certiorari was filed.

In that case the Supreme Court held that in such a proceeding there may be two final judgments, which could be reviewed by separate proceedings in error prosecuted at different times, but also expressly held that until the commissioners had filed their report and demand had been made for a trial by jury in court and bond had been filed, the order of taking was not final and reviewable for correction of errors.

In Medic Ambulance Service, Inc. v. McAdams, supra, the Supreme Court upheld the right to review upon

certiorari the order of the trial Court directing the claim agent of defendant to make certain contents of his file available to counsel for plaintiff "for inspection and copy".

This order was not final and in upholding the right to review it by certiorari the Supreme Court said:

> "We think the error here complained of amounted to *an illegality* which is fundamental, as distinguished from an *irregularity, a technical or formal error not affecting jurisdiction or power;* and, although not a final order or judgment, is nevertheless, reviewable by the common law writ of certiorari." (Emphasis supplied.)

\* \* \* \* \* \*

> "We conclude the trial judge acted *arbitrarily* in entering the order without a showing of good cause for the production of the investigation file or any diligence on the part of plaintiff in discovering for himself the material sought for inspection and copying; *and in the absence of jurisdiction of the person of Fleetwood at* the time the order was made." (Emphasis supplied.) Medic Ambulance Service v. McAdams, supra, at p. 111.

The distinction between the instant case and the Medic Ambulance Service, Inc., case is obvious, since in the instant case counsel for petitioners does not even insist or contend that the orders which he asks this Court to review are illegal or arbitrary.

We did not overlook either of the foregoing cases in reaching the conclusions set forth in our original opinion, but fully considered them and our original opinion is not in conflict with either of the foregoing cases.

It is also insisted in the petition to rehear that the Court overlooked petitioners' insistence that they could not obtain the remedy sought by them or any other plain, adequate and speedy remedy or relief by means of post-trial proceedings. However, we did not overlook this insistence, but we are of the opinion it is not valid and not supported by authority.

The office of a petition to rehear is to call the attention of the Court to matters overlooked, not those things which counsel supposes were improperly decided after full consideration. All of the foregoing contentions are re-arguments of the same propositions which were submitted to the Court and argued in the original brief filed by counsel for petitioners.

In the petition to rehear, counsel for petitioners also insists that his citation of Bales v. McPhetridge, 209 Tenn. 334, 354 S.W.2d 60, was only in support of the preliminary ground work proposition that this Court, rather than the Supreme Court, has revisory jurisdiction of this case and that the Court misinterpreted such citation as being a case on which petitioners relied to support issuance of certiorari.

We accept this explanation of counsel's reason for citing Bales v. McPhetridge. However, it is not insisted by counsel that it does or should have any effect upon the Court's conclusions in holding that certiorari is not available as a method of reviewing the orders of the trial Court which petitioners sought to have reviewed in this case.

For the reasons hereinabove set forth the petition to rehear is denied.

Shriver and Humphreys, JJ., concur.