Dan Cox, *et al., v.* L. A. Smith.*

(*Knoxville.* September Term, 1926.)

Opinion filed October 9, 1926.

1. **SUPREME COURT. Appellate jurisdiction. Certiorari.**

The Supreme Court is without jurisdiction to grant writs of **certiorari** and **supersedeas** in a case pending in the trial court, which has not been there finally determined, and in which the pleadings "presented issue of fact to be determined upon proof to be heard by that court." (Post, p. 370.)

Citing: State of Ga. v. City of Chattanooga, 284 S. W., 359.

Acts cited: Acts 1925, ch. 100, sec. 11.

2. **SAME. Question of fact. Court of Appeals.**

The jurisdiction on appeal depends on the method adopted in the trial court, and unless that method precludes a determination in that court of the facts, the appeal lies to the Court of Appeals, only. (Post, p. 371.)

---

*Headnote 1. Courts, 15 C. J., Sections 552, 553.

---

FROM HAMBLEN.

---

Appeal from the Chancery Court of Hamblen County. Transferred from Court of Appeals.—Hon. M. H. Gamble, Chancellor.

John R. King, for appellant.

W. N. Hickey, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This cause has been transferred to this court fr·)m the. Court of Appeals upon the theory that a question of law only is presented on the appeal.

The original bill making certain charges and demands, clearly presenting issues of fact, was first demurred to, and upon the overruling of the demurrer the defendant answered. Exceptions were filed by the complainant to the answer on various grounds, which, being overruled by the Chancellor, writs of *certiorari* and *supersedeas* were applied for to the Court of Appeals to review this action of the Chancellor.

Since the order of the Court of Appeals was made transferring this cause, the question of jurisdiction thus arising has been passed upon by this court in *State of Georgia* v. *City of Chattanooga,* in an opinion by Mr. Justice HALL, 284 S. W., 359, (May 24, 1926), construing chapter 100 of the Acts of 1925. This court was therein held to be without jurisdiction to grant writs of *certiorari* and *supersedeas* in a case pending in the trial court which has not been there finally determined and in which the pleadings "presented an issue of fact to be determined upon proof to be heard by that court." It is obvious that whenever the collateral issue presented by the petition for the writs is disposed of, this cause will stand for trial upon the proof to be developed, "involving a review or determination of the facts."

This court does not have jurisdiction of every case which upon analysis of the record on appeal is found to turn upon a question of law only. Aside from state rev-

enue and the other classes of cases particularly enumerated, the case must "have been finally determined *in the lower court* on demurrer or other method not involving a review or determination of the facts,"—or by stipulation. The words "in the lower court" are italicised to give them proper emphasis. The jurisdiction on appeal depends on the "method" adopted *in the trial court,* and unless that method precludes a determination in that court of the facts, the appeal lies to the Court of Appeals only.

It follows in this case, as in that above cited, that jurisdiction to entertain the petition for the writs is exclusively conferred by section 11, chapter 100 or the Acts of 1925, on the Court of Appeals, to which in due course the cause must go on appeal from its "final determination" in the trial court.

The cause will therefore be re-transferred.