STATE-WIDE SALES FINANCE CORP.

*v.*

JOHN R. LONG, JR., Com'r, et al.

(*Nashville,* December Term, 1959.)

Opinion filed June 6, 1960.

GEORGE W. OMACHT, Assoc. Inv. Co., South Bend, Ind., RICHARD DANCE, Nashville, for petitioner.

JACK WILSON, Assistant Attorney General, for respondent.

MR. JUSTICE FELTS delivered the opinion of the Court.

This is a petition for the writs of certiorari and supersedeas to review an *interlocutory* order of the Court of Appeals, entered by Presiding Judge Hickerson, of the Middle Section, vacating an interlocutory order of the Chancery Court of Davidson County which struck out certain parts of respondents' answer to petitioner's bill.

Since this was a "civil case" in which the pleadings presented "issues of fact to be determined upon proof" to be heard by the Chancery Court, appellate jurisdiction of it is in the Court of Appeals, not this Court. T.C.A. sec. 16-408; *State of Georgia v. City of Chattanooga,* 153 Tenn. 349, 284 S.W. 359; *Cox v. Smith,* 154 Tenn. 369, 289 S.W. 524; *Goins v. Yowell,* 199 Tenn. 167, 285 S.W.2d 135.

This Court has jurisdiction to grant the writs of certiorari and supersedeas to review only final decrees and judgments of the Court of Appeals. The statute (sec. 14, chap. 100, Acts 1925, now T.C.A. sec. 27-819), creating the Court of Appeals, provides:

"The Supreme Court, or any Judge thereof, shall have the right to require, by certiorari, the removal to that court for review of any case that has been *finally determined* in the Court of Appeals, upon a sworn petition for this purpose filed in the Supreme Court * * * ; and there shall be no other method of review" (italics ours).

■ Thus, by the statute, this Court's jurisdiction to review the action of the Court of Appeals is limited to *final* judgments and decrees—cases that have been *"finally determined"*—in that Court; and this Court has no jurisdiction to review *interlocutory* orders of that Court. *First Nat. Bank of Greenwood, Miss. v. Planters' Nat. Bank of Clarksdale, Miss.,* 158 Tenn. 50, 12 S.W.2d 528.

In that case, Chief Justice Green distinguished *Cockrill v. People's Savings Bank,* 155 Tenn. 342, 293 S.W. 996, on the ground that "immediate appellate jurisdiction" of it was in this Court, and not the Court of Appeals; and, therefore, this Court properly granted the writs of certiorari and supersedeas "issued directly to the Chancery Court."

Likewise, *City of Nashville v. Dad's Auto Accessories,* 154 Tenn. 194, 285 S.W. 52, was a case within the exclusive appellate jurisdiction of this Court and the writs of certiorari and supersedeas granted by this Court were issued directly to the Circuit Court.

For these reasons the petition for the writs of certiorari and supersedeas must be denied.