Eugene Cole, Petitioner,

*v.*

State of Tennessee, Respondent.

442 S.W.2d 246.

(*Jackson*, April Term, 1969.)

Opinion filed June 13, 1969.

LARIMORE BURTON, JR., and PHILIP M. CARDEN, Nashville, for petitioner.

W. R. KINTON, JR., District Attorney General, Alamo, and ROBERT H. DEDMAN, Nashville, Special Counsel for the State, for respondent.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

Eugene Cole, a Negro, filed a plea in abatement to three indictments charging him with rape, armed robbery, and burglary, on the ground the indictments were void, because of either systematical exclusion or the systematical inclusion of Negroes on the grand jury returning the indictments. After a full evidentiary hearing the plea in abatement was overruled. Petitioner thereupon sought review of the trial court's interlocutory order by petition for writ of certiorari to the Court of Criminal Appeals. That Court declined to grant the writ, so petitioner has petitioned this Court for the writ.

This petition is accompanied by another petition asking this Court to compel the Court of Appeals by manda-

22

mus to file with the Clerk of the Court of Criminal Appeals at Jackson the petition for writ of certiorari and that Court's order thereon, in order that there might be a record in that Court to support the petition for certiorari to this Court.

Upon application to a single judge of this Court for these writs because of the novelty of the question, involving a construction of the act creating the Court of Criminal Appeals and this Court's right to review its judgments, the case was set down for argument at Jackson on the sole question, whether this Court has jurisdiction to review the action of the Court of Criminal Appeals on a purely interlocutory order of a trial court. Upon a consideration of the statutes involved and many cases construing like statutes, we have concluded we do not have such jurisdiction.

 While it is true as argued the writ of certiorari inheres in our common law system and has constitutional protection and sanction, Tennessee Constitution, Article 6, sec. 10; *Conners v. City of Knoxville,* 136 Tenn. 428, 189 S.W. 870; *Clements v. Roberts,* 144 Tenn. 129, 230 S.W. 30, it is also fundamental that the jurisdiction of this Court is what the legislature declares it to be. Tennessee Constitution, Article 6, sec. 2; *Hundhausen v. U. S. Marine Fire Ins. Co.,* 52 Tenn. 702, 703; *Chattanooga v. Keith,* 115 Tenn. 588, 94 S.W. 62; *Memphis Street R. Co. v. Byrne,* 119 Tenn. 278, 104 S.W. 460. So that while the common law and constitutional power of certiorari inheres in this Court at the common law and resides here under the Constitution, it must be exercised in accordance with the legislative mandate as long as that mandate does not frustrate and render impotent the

constitutional purpose and function of this Supreme Court.

■ With respect to this the legislature has by T.C.A. sec. 16-451, provided that judgments of the Court of Criminal Appeals are final judgments which may be reviewed by this Court only by certiorari. (T.C.A. sec. 16-451 [1]), and (T.C.A. sec 16-452 [2]). No provision is made for this Court to review interlocutory orders of the Court of Appeals made with reference to interlocutory orders of a trial court.

This arrangement, which is most salutary in that it avoids a piecemeal trial of every issue through all of the courts, and which in no way frustrates our purpose or function as a Supreme Court, the power of final review being unimpaired, has received this Court's attention in the past in comparable situations, and in every case where the direct question was the power of this Court to review an interlocutory order of an intermediate appellate court, under a statute providing only for our review of final judgments, this Court held in cases which

---

[1] "16-451. *Court of record—When judgments final—Time for filing petition for rehearing—Extensions of time.*—The Court of Criminal Appeals shall be a court of record, and its order and judgment shall have the same effect as the order and judgment of other courts of record, and unless superseded, reversed, or modified by the Supreme Court, shall become final after the expiration of thirty (30) days from the entry of the order or judgment as herein defined and be executed by all necessary and proper writs.

Either party may file a petition to rehear or to reconsider, but the petition must be filed within fifteen (15) days from the entry of the order or judgment, unless the time of filing be extended by one (1) of the judges of said court. Any extension of time granted shall not exceed more than sixty (60) days. No party shall file more than one (1) petition to rehear or to reconsider, unless the filing of such petition has been authorized and approved by a judge of the court."

[2] "16-452. The Supreme Court or any judge thereof, shall have the right to require by certiorari, the removal to that court for review of any case that has been finally determined in the Court of Criminal Appeals, upon a sworn petition for this purpose addressed and filed with the clerk of the Supreme Court."

are plain and clear and require no explanation that the power did not exist. *First Natl. Bank of Greenwood, Miss., v. Planters National Bank of Clarksdale, Miss.,* (1929) 158 Tenn. 50, 12 S.W.2d 528; *Barretville Bank & Trust Co. v. Bolton,* (1945) 182 Tenn. 364, 187 S.W.2d 306; *State-Wide Sales Finance Corp. v. Long,* (1960) 206 Tenn. 680, 337 S.W.2d 239.

While there have been apparent variances from this rule, *Moore v. Charwick* (1936) 170 Tenn. 223, 94 S.W.2d 49; *Medic Ambulance Service v. McAdams,* 216 Tenn. 304, 392 S.W.2d 103, there were thought to be constitutional and other considerations to justify them. But these cases do not impair the rule laid down in the opinions mentioned.

The petition for the writ of certiorari is denied.

In consideration of our action, we deny the petition for the writ of mandamus.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.