Chester Blankenship et al.

*v.*

City of Johnson City et al.

459 S.W.2d 428.

(*Knoxville,* September Term, 1970.)

Opinion filed October 19, 1970.

John R. Jones, Erwin, for petitioners-appellants.

Frank Bryant and James Carter, Johnson City, for defendants-appellees.

594

Mr. Justice McCanless delivered the opinion of the Court.

The petitioners, owners of real estate in Johnson City, filed their petition for certiorari by which they sought to have adjudged invalid an amendment to a zoning ordinance of the municipality. They exhibited with their petition a number of documents, including the original ordinance, the amendatory ordinance, and various petitions, maps, and resolutions pertinent to the amendment. The petition recited that a number of the exhibits would ''be read as evidence on the hearing.''

The defendants, the City of Johnson City and certain of its officials and Independent's J-C, Inc., and Jay Solomon, owners of real estate which would be affected by the ordinance, filed answers with which they coupled demurrers, but it does not appear that the demurrers were considered as separate pleadings but rather were re-

garded by counsel and by the court as parts of their respective answers.

The court considered the issues made by the pleadings and by the documentary evidence, there being no testimony of witnesses introduced in the cause, and filed an exhaustive opinion in which the issues were decided in favor of the defendants and against the petitioners. The opinion contains this sentence:

"After a full consideration of the entire record in this cause, the court is of the opinion that the preponderance of the evidence clearly warrants the following findings of fact:"

The court then decided a number of questions of fact, none of which were stipulated by counsel.

What this Court must now consider is whether the appeal should not have been to the Court of Appeals and whether that court and not the Supreme Court has jurisdiction to review the judgment of the trial court.

Section 16-408, Tennessee Code Annotated, which confers jurisdiction on the Court of Appeals, is as follows:

"The jurisdiction of the Court of Appeals shall be appellate only, and shall extend to all civil cases except those involving the constitutionality of a statute or city ordinance which is the sole determinative question in the litigation, the right to hold a public office, workmen's compensation, state revenue, mandamus, in the nature of quo warranto, ouster, habeas corpus in cases where the relator is being held under a criminal accusation or a rendition warrant issued by the governor of the state, and excepting cases which have been finally determined in the lower court on demurrer or other

method not involving a review or determination of the facts, or in which all the facts have been stipulated. All cases within the jurisdiction thus conferred on the Court of Appeals shall, for purposes of review, be taken directly to the Court of Appeals in the division within which the case arose, the eastern division to include Hamilton County and the western division to include Shelby County. As to all other cases the exclusive right of removal and review shall be in the Supreme Court. Any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof, direct.''

In the case now before us it is clear from the record that it was not ''finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all the facts have been stipulated.''

True, there was no testimony considered by the trial judge, but the exhibits which comprise a large part of the record were evidence and were carefully considered by the able trial judge. It then cannot be said that the Supreme Court has jurisdiction to review this case under the provisions of Section 16-408, T.C.A.

In *Cox v. Smith*, 154 Tenn. 369, 289 S.W. 524, this Court said:

''This court does not have jurisdiction of every case which upon analysis of the record on appeal is found to turn upon a question of law only. Aside from state revenue and the other classes of causes particularly enumerated, the case must 'have been finally determined *in the lower court* on demurrer or other method not involving a revenue or determination of the facts,'—or by stipulation. The words 'in the lower

court' are italicized to give them proper emphasis. The jurisdiction on appeal depends on the 'method' adopted *in the trial court,* and, unless that method precludes a determination in that court of the facts, the appeal lies to the Court of Appeals only."

We conclude that Section 16-408, T.C.A., confers jurisdiction of this appeal on the Court of Appeals and not on the Supreme Court.

But Section 27-912, T.C.A., confers upon the Supreme Court jurisdiction of appeals in cases by which the actions of boards and commissions are reviewed.

*Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013, involved the review of the action of 'the Chancery Court on an order of the Civil Service Commission of Nashville denying an application for a pension. In the opinion the Court considered Sections 9015 and 10618 of the Code of 1932, now Sections 27-912 and 16-408, respectively, T.C.A., and said:

"We find nothing in code secs. 9008-9018 indicating a legislative intent to depart from a policy of the lawmakers pursued for many years. So in dealing with sec. 9015 of the code we feel free to apply the rules of statutory construction heretofore considered and to hold that the section insofar as it gives appellate jurisdiction to the Supreme Court must yield to sec. 10618, which gives appellate jurisdiction of the case to the court of appeals."

It follows that the appeal should have been to the Court of Appeals and not this Court. It will be transferred accordingly.

DYER, CHIEF JUSTICE, CRESON and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.