Mark Jerome **BEASLEY**

v.

**Fate THOMAS, Sheriff Nashville Metropolitan Jail.**

No. 6858.

United States District Court, M. D. Tennessee, Nashville Division.

Feb. 9, 1973.

Harold D. Hardin, Nashville, Tenn., for petitioner.

W. Henry Haile, Asst. Atty. Gen. of Tenn., Nashville, Tenn., for respondent.

## MEMORANDUM

MORTON, District Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which no issues of material fact exist.

The petitioner is presently incarcerated in the Nashville Metropolitan Jail and is charged with the offense of armed robbery. He seeks release from his confinement on the ground that his being tried for the offense with which he is charged would result in his being placed twice in jeopardy, in violation of the Fifth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The facts are as follows.

The petitioner was arrested and incarcerated in the Nashville Metropolitan Jail in November, 1971, where he has remained ever since. Along with four others, he was indicted for armed robbery and trial was set for June, 1972. The case was continued until September 18, 1972, due to defense counsel's conflict of interest, and another attorney was appointed by the court to represent the petitioner. The case was again continued on September 18, 1972, for the reason that the chief prosecution witness was observing a religious holiday. At this time, the petitioner's motion to dismiss for lack of a speedy trial was denied. The case came to trial on September 19, 1972; a jury was impaneled and sworn, and testimony commenced. A recess was called after the State's first witness, the prosecutrix, had completed a substantial portion of her testimony. At this juncture, the trial judge learned that counsel for two of the other defendants had previously sat as Special Judges and had signed the arrest warrants for the defendants. Due to this discovery, the judge stated that his only alternative was to declare a mistrial and requested defense counsel to consent thereto. The other defendants in the case agreed to a mistrial, but the petitioner objected to a mistrial as to him.[1] The court, opining that it was impossible to separate the trial, denied the petitioner's motion for a severance, declared a mistrial as to all of the defendants, dismissed the jury, and reset the case for October 16, 1972. On that date the trial court overruled petitioner's motion to dismiss for lack of speedy trial and on grounds of former jeopardy and postponed the trial. Thereafter, petitioner filed a motion to rehear which was overruled on October 27, 1972.

An appeal, by Petition for Certiorari and Supersedeas, was taken to the Tennessee Court of Criminal Appeals on the strength of petitioner's double jeopardy contentions, but on November 6, 1972, that tribunal declined to review the case on the merits, holding that there could be no review of the appeal because the order appealed from was interlocutory in nature. The Tennessee Supreme Court denied certiorari on January 2, 1973.

---

1. Petitioner's attorney at the first trial states by affidavit that one of the reasons petitioner wished to proceed with his trial was that he had been incarcerated in the Nashville Metropolitan Jail allegedly with as many as twenty prisoners in the same cell. Exhibit 2 to Petition.

Petitioner, who is scheduled to face a second trial later this month, filed this petition on January 15, 1973. The defendant filed his answer on January 29, 1973, in which he contended that the writ should not be granted by reason of the alleged failure of petitioner to exhaust state remedies. Defendant does not contend that petitioner is not " . . . in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a).

■ The questions raised by the petition and answer are purely legal ones. Thus, no hearing is required. Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964).

The court will first consider the exhaustion issue. At the time this petition was filed, the petitioner had presented this exact same claim to the state trial court, the Tennessee Court of Criminal Appeals, and the Tennessee Supreme Court. The trial court ruled against petitioner apparently on substantive grounds, while the Court of Criminal Appeals denied the Petition for Certiorari and Supersedeas on procedural grounds. The Court of Criminal Appeals, citing the case of Cole v. State, 223 Tenn. 20, 442 S.W.2d 246 (1969), ruled that the matter raised by the petition was interlocutory and not an appealable final judgment. Thus, the Court of Criminal Appeals ruled in effect that no state process was then available to hear the petition on the merits. The Tennessee Supreme Court simply refused to hear the petitioner's case by denying certiorari.

■ The court fails to see how petitioner could do more under state law as he exhausted all State avenues available. He presented this same claim to all the appropriate State courts, which denied relief. In order for State remedies to be exhausted, it makes no difference whether or not the State courts ruled on the merits or denied relief on procedural grounds. United States ex rel. Turner v. Rundle, 438 F.2d 839, 845 (3rd Cir. 1971); Harris v. Brewer, 434 F.2d 166, 168 (8th Cir. 1970).

The Supreme Court has stated that the exhaustion requirement of 28 U.S.C. § 2254 " . . . refers only to a failure to exhaust state remedies still open to the applicant at the time he files his application for habeas corpus in the federal court." Fay v. Noia, 372 U.S. 391, 399, 83 S.Ct. 822, 827, 9 L.Ed.2d 837 (1963).

■ There being no state remedies still open to petitioner now or at the time he filed this petition, the court hereby rules that petitioner has complied with the exhaustion requirement of § 2254(b).

Even if the court were to accept the defendant's contention that petitioner has not exhausted state remedies, this court nevertheless has authority under § 2254(b) to hear and determine this petition on its merits at this time.

Section 2254(b) provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, *or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.*" (Emphasis supplied.)

The defendant contends that the prospective trial, the direct appeals process, and the Tennessee Post Conviction Relief Act procedure are effective processes available for petitioner to vindicate his double jeopardy claim. Such a contention ignores the basis of petitioner's claim. Petitioner does not contend that he has been convicted at a second trial in violation of the double jeopardy clause. Petitioner does contend that after having once been placed in jeopardy, he is being unconstitutionally detained so that he may again be put in jeopardy.

■ "The prohibition of the Double Jeopardy Clause is 'not against being twice punished, but against being twice

put in jeopardy.' " Downum v. United States, 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100 (1963), quoting from United States v. Ball, 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). The Double Jeopardy Clause forbids the unnecessary infliction of a second trial with "the heavy personal strain which a criminal trial represents for the individual defendant . . . ." United States v. Jorn, 400 U.S. 470, 479, 91 S. Ct. 547, 554, 27 L.Ed.2d 543 (1971). The Court in *Jorn*, quoting from Green v. United States, 355 U.S. 184, 187, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), stated that the policy underlying the Double Jeopardy Clause

" . . . is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." United States v. Jorn, *supra*, 400 U.S. at 479.

Under the State process the petitioner must remain confined in the Nashville Metropolitan Jail until after he is subjected to a second trial. If petitioner's claim is a valid one, each day he remains in jail adds to the deprivation of his rights guaranteed by the Double Jeopardy Clause. The State process, which by its effect would sanction this aggravated deprivation, is clearly ineffective to vindicate petitioner's claim that he is now being unlawfully detained so as to face a second trial for the same offense.

"If the States withhold effective remedy, the federal courts have the power and the duty to provide it." Fay v. Noia, *supra*, 372 U.S. at 441.

Thus this court must rule on the substantive issue of whether or not the mistrial was wrongfully declared at the trial of September 19, 1972. The holdings and rationale of the various United States Supreme Court opinions make it clear that petitioner must prevail on this issue. The most recent significant Supreme Court opinion in this area is United States v. Jorn, *supra*. In *Jorn*, the defendant was charged with willfully assisting in the fraudulent preparation of income tax returns. Five of the Internal Revenue Service witnesses risked potential prosecution for related offenses. After the first of these witnesses was called, but before direct examination, defense counsel suggested that these witnesses be informed as to their constitutional rights. This the trial judge did; however, the judge felt that his warning, and an alleged earlier warning by the Internal Revenue Service, were insufficient to protect the witnesses. He then declared a mistrial. The case was set for retrial, but an intervening pre-trial motion to dismiss was sustained on the ground of former jeopardy. The Government appealed.

The Court in *Jorn* stated that, absent a motion by the defendant for a mistrial, or unless manifestly necessary, the trial judge must not foreclose the defendant's option under the Double Jeopardy Clause of the Fifth Amendment to have his trial completed by a particular tribunal. The Court stated that the trial court must not *sua sponte* declare a mistrial until a scrupulous exercise of judicial discretion results in the conclusion that a manifest necessity exists and that the ends of public justice would not be served by a continuation of the proceedings. The Court held that the district judge, who appeared to have given no consideration to the possibility of a trial continuance, had abused his discretion in discharging the jury and declaring a mistrial, and thus rendered reprosecution of the defendant violative of the Double Jeopardy Clause of the Fifth Amendment.

In this case there appears to have been no manifest necessity to justify the *sua sponte* declaration of mistrial as to petitioner. Defendant has not presented to the court any reasons to support a conclusion that the foreclosure of petitioner's opportunity to have his case

tried by this particular jury was justified by any manifest necessity or by service to the ends of public justice. The trial court gave no reasons, and the court knows of no reasons why the trial could or should not have proceeded as to petitioner. The interests of public justice could have been served by severance and completion of the trial as to petitioner.

The discretion of the court to *sua sponte* declare a mistrial and discharge the jury before it has reached a verdict should be exercised "only in very extraordinary and striking circumstances . . . . " Downum v. United States, *supra*, 372 U.S. at 736, *quoting from* United States v. Coolidge, 2 Gall. 364, F.Cas.No.14858 (CCMass). The power of the trial court to discharge a jury before it renders a verdict " . . . ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes . . . . " United States v. Jorn, *supra*, 400 U.S. at 481, *quoting from* United States v. Perez, 9 Wheat 579, 580, 22 U.S. 579, 6 L.Ed. 165 (1824).

■ In determining whether to declare a mistrial over the objection of a criminal defendant and retry defendant, the trial court must resolve any doubts "in favor of the liberty of the citizen . . . . " Downum v. United States, *supra*, 372 U.S. at 738.

Even under the apparently overruled "sole interest of defendant" rule [2] expressed by the Supreme Court in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), the trial court would appear to have erred in its refusal to allow the trial of petitioner to continue. In *Gori* the Court in affirming a conviction at a second trial stated:

"Suffice that we are unwilling, where it clearly appears that a mistrial has been granted in the sole interest of the defendant, to hold that its neces-

sary consequence is to bar all retrial." *Id.*, 367 U.S. at 369.

In this case the mistrial was granted apparently on grounds that a single trial of all the defendants would be more convenient and more economical.

■ Accordingly, the court holds that petitioner was wrongfully denied his right to have his case tried by the jury impaneled on September 19, 1972. At this trial petitioner was put in jeopardy and no manifest necessity existed to justify the *sua sponte* declaration of a mistrial as to petitioner.[3]

Having once been put in jeopardy, petitioner may not again be put in jeopardy for the same offense for which petitioner is currently in custody awaiting trial.

The court hereby orders that the writ of habeas corpus shall issue. Defendant is hereby ordered to release from custody immediately the petitioner, Mark Jerome Beasley.

### ORDER

This petition for writ of habeas corpus, 28 U.S.C. § 2554, was filed on January 15, 1973. This court, holding that petitioner had previously been placed in jeopardy for the same offense for which he was being held in custody, ordered petitioner's release on February 9, 1973. Respondent filed a motion to reconsider this order on February 13, 1973, and a hearing was held on this motion the same day.

Respondent by his motion to reconsider contends that petitioner is not being unlawfully confined so that he may again be put in jeopardy in violation of the Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment. Respondent further contends that this court erred in ruling on the petition prior to the exhaustion of the state rem-

---

2. See United States v. Jorn, *supra*, 400 U.S. at 482, 483.

3. See United States v. Walden, 448 F.2d 925 (4th Cir. 1971) for the same holding under similar facts.

edies that would be available to petitioner if he were subjected to a second trial and convicted. 28 U.S.C. § 2254(b).[1] Respondent also argues that the effect of the court's order of February 9, 1973, is to enjoin a pending state criminal prosecution in contravention of 28 U.S.C. § 2283.[2]

This court, of the opinion that its order of February 9, 1973, was correct, orally denied the motion of respondent at the hearing. The court also ordered that the release of petitioner be upon his recognizance, without surety. Fed.R. App.P. 23(c).

At the hearing on the motion to reconsider, both parties agreed that no hearing on the petition was required because only legal issues remained after respondent filed his answer.

■ The court reaffirms its order of February 9, 1973, and its oral ruling of February 13, 1973, denying respondent's motion to reconsider. The court is of the opinion that petitioner has exhausted his state remedies under 28 U.S.C. § 2254 in that he has presented his claim of constitutional violation to the State Court of Criminal Appeals and to the State of Tennessee's highest court. Thus the state courts have had an opportunity to pass on the claim. Presently there exists no state forum in which petitioner can effectively present his claim. The court believes this constitutes exhaustion of petitioner's state remedies under § 2254. *See* Humphrey v. Cady, 405 U.S. 504, n. 18, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972); Wilwording v. Swenson, 404 U.S. 249, 250, 92 S. Ct. 407, 30 L.Ed.2d 418 (1971); Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The exhaustion requirement does not require repetitive presentations of the claim to the state courts. Duke v. Wingo, 386 F.2d 304 (6th Cir. 1967), cert. denied 397 U.S. 1013, 90 S.Ct. 1243, 25 L.Ed.2d 426 (1970); Humphrey v. Cady, *supra.*

"The only thing left for him to do in the state courts is to submit to trial . . . . Since exposure to the risk of conviction is the very thing he is seeking to avoid, this step is not necessary for a complete exhaustion of state remedies where freedom from double jeopardy is the right sought to be preserved. . . . [T]here is a valid consideration of judicial economy." Rivers v. Lucas, 477 F.2d 199 (6th Cir., decided and filed April 24, 1973) at 202–203.

■ The Sixth Circuit Court of Appeals in Rivers v. Lucas, *supra,* also passed on the question as to whether the granting of pretrial habeas corpus relief amounts to an injunction to stay state criminal proceedings. The Court stated:

"It is also contended by the appellants that the granting of habeas corpus to a state prisoner being held for trial amounts, in effect, to issuing an injunction to stay state proceedings in contravention of 28 U.S.C. § 2283. The cases cited by appellants do not support their argument, and we have found no Supreme Court decision which holds that pretrial habeas corpus relief is the equivalent of an injunction to stay proceedings in a state court. We decline to follow Drury v. Cox, 457 F.2d 764 (9th Cir. 1972), to the extent that it equated the two types of action." *Id.,* at 203.

1. "§ 2254. *State custody; remedies in Federal courts*

\*    \*    \*    \*    \*

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

2. "§ 2283. *Stay of State court proceedings.*

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

As to the issue of double jeopardy, this court reaffirms its ruling that petitioner was formerly placed in jeopardy. *See* United States v. Henderson, 472 F. 2d 157 (6th Cir. 1973).

The motion to reconsider is hereby denied.