Leroy WILSON, Petitioner,

v.

Ronald C. MARSHALL, Supt.,
Respondent.

No. C–1–80–666.

United States District Court,
S. D. Ohio, W. D.

Feb. 25, 1982.

Leroy Wilson, pro se.

Dain N. Deveny, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## OPINION AND ORDER DENYING A PETITION FOR HABEAS CORPUS

SPIEGEL, District Judge:

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under the provisions of Title 28 U.S.C. § 2254. Petitioner has been granted leave to proceed *in forma pauperis* and is proceeding *pro se.* This matter is before the Court on the petition, the return of writ, and the briefs and exhibits of the parties.

Petitioner was indicted by the September, 1972 term of the Stark County Grand Jury for first degree murder in violation of former Ohio Revised Code § 2901.01. The matter was tried to a jury which found petitioner guilty as charged. The trial court sentenced petitioner to a term of incarceration for his natural life. *State v.*

*Wilson*, No. 72–3392 (Stark County C.P. December 6, 1972).

Petitioner appealed his conviction to the Court of Appeals for Stark County, raising seven assignments of error, none of which serve as a ground for the instant habeas corpus petition. The appellate court overruled all of the assignments of error and affirmed petitioner's conviction. *State v. Wilson*, No. 3879 (5th Dist. Ohio Ct.App. September 23, 1973). Petitioner sought leave to appeal to the Supreme Court of Ohio from the Ohio Appellate Court's affirmance of his conviction. The Ohio Supreme Court denied petitioner's motion for leave to appeal and dismissed the proceedings on February 1, 1974.

Respondent states that petitioner filed two petitions for post-conviction relief under Ohio's Post Conviction Act § 2953.21 Ohio Revised Code, prior to filing his third post-conviction petition which forms the basis for this habeas corpus petition. In his first petition, petitioner alleged that the trial court abused its discretion in appointing inexperienced counsel who was incompetent to represent him in a first degree murder case. Petitioner's second post-conviction relief petition alleged he was denied the right to compel witnesses to appear on his behalf. Both of these petitions were dismissed by the Common Pleas Court. Petitioner did not appeal from these rulings but filed a petition for habeas corpus relief in federal court instead. *Wilson v. Overburg, Supt.*, No. C–2–75–822 (S.D.Ohio, 1976). In that petition he alleged a violation of his Sixth and Fourteenth Amendment rights, because of the inexperience of appointed counsel, which resulted in a witness allegedly favorable to the defense not being called at trial. Respondent states this petition was apparently dismissed because petitioner had failed to exhaust his state remedies.

Petitioner, proceeding *pro se*, then filed his third state post-conviction relief petition alleging ineffective assistance of counsel. The Common Pleas Court entered an opinion with findings of fact and conclusions of law determining from the record that peti-

tioner had not been denied effective assistance of counsel and dismissing his petition. *State v. Wilson*, No. 72–3392 (Stark County, C.P. January 19, 1978). On October 5, 1978, petitioner sought leave to file a delayed appeal from the denial of his third post-conviction relief petition. The appellate court denied petitioner leave to appeal stating, "See, however Revised Code 2953(A)." *State v. Wilson*, No. 5004 (5th Dist.Ct.App. Ohio January 26, 1979). Petitioner moved for leave to appeal the appellate court's denial of his motion for leave to appeal to the Supreme Court of Ohio, which overruled his motion by entry. *State v. Wilson*, No. 79–389 (Ohio S.Ct. September 7, 1979).

Although this recitation shows that petitioner, proceeding *pro se*, properly raised the issue of ineffective assistance of counsel in state post-conviction relief proceedings, by attempting to take a delayed appeal from the denial of his petition when he was out-of-time for a direct appeal, and then appealed the denial of his motion for leave to take a delayed appeal on this issue to the State Supreme Court, respondent contends that petitioner has not yet exhausted his state remedies on this issue. The basis for respondent's contention is the state appellate court's cryptic reference to "Ohio Revised Code § 2953(A)." Respondent argues that the Court was referring to Ohio Revised Code § 2953.23(A), which provides that a court, in its discretion, may "entertain a second petition or successive petitions for similar relief on behalf of the petitioner based upon the same facts or on newly discovered evidence." Respondent then infers that what the Court of Appeals holding meant was that petitioner should file another petition from which he could perfect a timely appeal and thus give the state courts the opportunity to consider petitioner's claim of ineffective assistance of counsel on the merits.

 We note that petitioner did present his constitutional claim to the State Appellate Court in his briefs seeking a delayed appeal from the denial of his post-conviction relief petition. Those courts, however, denied petitioner relief on proce-

dural grounds. Yet, in order for a state prisoner's remedies to be exhausted, it makes no difference whether the state courts ruled on the merits or denied relief on procedural grounds. *Beasley v. Thomas,* 379 F.Supp. 195, aff'd 491 F.2d 507 (6th Cir. 1974) *cert. denied,* 417 U.S. 955, 94 S.Ct. 3083, 41 L.Ed.2d 674. Respondent's argument that petitioner can file another post-conviction petition is also not well taken. Habeas corpus petitioners are not required to file repetitious applications in the state courts in order to exhaust. The mere possibility of success in additional proceedings does not bar federal habeas corpus relief. *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Beasley v. Thomas,* 379 F.Supp. at 200. Thus, since petitioner has pursued his claim of ineffective assistance of counsel up to the highest court of Ohio in an attempt to obtain post-conviction relief, this Court holds that he has exhausted state remedies.

In his one ground in support of his petition for habeas corpus relief, petitioner asserts that he was denied effective assistance of counsel prior to and during the course of the trial in violation of the Sixth Amendment to the United States Constitution. In support of this assertion, petitioner states that his attorneys failed to adequately prepare a defense for him in that they did not investigate the law or the facts to determine available defenses, they did not avail themselves of pretrial discovery methods, they failed to present the alibi defense which petitioner informed them he had, and they failed to call witnesses whom petitioner informed them would testify in support of his innocence.

■ The trial court did not hold an evidentiary hearing on petitioner's post-conviction relief motion which raised the issue of ineffective assistance of counsel. Rather, the court found that an evidentiary hearing was not required because petitioner had not raised any substantive issues of fact which were not determinable from the transcript of the trial. The court stated:

This Court finds nothing in the record, which it has carefully examined, to indi-

cate an abuse of discretion on the part of the trial judge in appointing Keith Randall, Esq. and Rex Miller, Esq. to represent the defendant at the trial of this cause. The record discloses that they adequately, aggressively and confidently represented the petitioner; that said representation, as reflected by the record, demonstrated adequate pretrial preparation, including but not limited to the filing of motions for discovery, to which responses were given and the preparation and review of a co-defendant's prior trial transcript requested and ordered by judgment entry dated November 27, 1972, that a notice of alibi was timely filed and that eight witnesses were called to testify on behalf of the petitioner at his trial.

That court concluded that petitioner had been represented at all critical stages of the proceedings by adequate and competent counsel. *State v. Wilson,* No. 72–3392 (Stark County C.P. January 19, 1978). This Court also has carefully reviewed the trial transcript in this case and finds that it is in agreement with the trial court's conclusions. As noted by the trial court, petitioner's trial counsel requested and received discovery, and timely filed a notice of alibi on petitioner's behalf. The transcript further discloses that defense counsel presented an alibi defense and called four witnesses in support of this defense, including petitioner's mother, his nephew, his girlfriend and her sister, all of whom testified they were with petitioner at the time the crime was committed. This Court cannot see how more witnesses on this issue could have been other than cumulative. Counsel also put on three additional witnesses on petitioner's behalf, a friend of petitioner, a police officer, and a welfare worker, for the purpose of impeaching the credibility of state's witnesses. The variety of these witnesses alone demonstrates that counsel must have thoroughly investigated the case. However, the record affirmatively shows that defense counsel did investigate the case even apart from the witnesses they called on petitioner's behalf. A Mrs. Buckius, a witness for the prosecution, stated that she had told petitioner's attorney when

he tried to talk to her about petitioner's case that she did not know anything and not to subpoena her because she did not want to get involved. The record further reflects that defense counsel acted vigorously and aggressively in petitioner's defense during trial. In addition to ably presenting petitioner's alibi defense, counsel thoroughly and knowledgeably cross-examined state's witnesses and made timely and relevant objections with the result that some testimony was stricken and some evidence excluded. Counsel's preparation and diligence is further reflected in the depth and quality of opening and closing arguments.

 The federal standard by which assistance of counsel is measured in this Circuit is set out in *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974). That court held that the assistance of counsel required under the Sixth Amendment is "counsel reasonably likely to render and rendering reasonably effective assistance." 491 F.2d at 696.

> Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations. [citations omitted] Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely matter. [citations omitted].

*Beasley v. United States,* 491 F.2d at 696.

As stated by the Sixth Circuit, "[t]he touchstone in the vast majority of right-to-counsel cases is the trial record itself." *United States v. Yelardy,* 567 F.2d 863 (6th Cir. 1978). This Court, having carefully and thoroughly reviewed the trial transcript in the instant case, finds not only that there is no support for petitioner's contention that he was denied effective assistance of counsel, but that the transcript actually refutes petitioner's assertions regarding this issue. The record clearly demonstrates that defense counsel, petitioner's claims to the contrary, did conduct discovery and investigate the case, did call all necessary witness-

es who were able to testify on petitioner's behalf, and ably presented petitioner's alibi defense. Accordingly, this Court finds no need to conduct an evidentiary hearing under *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The record of petitioner's trial refutes every allegation he presented in support of his ground for habeas corpus relief. The allegations made by petitioner in support of his petition are demonstrated to be no more than frivolous, as the record reveals that petitioner did in fact receive effective assistance of counsel under the standards set out in *Beasley v. U. S.,* 491 F.2d 687 (6th Cir. 1974). Therefore, his petition for a writ of habeas corpus is denied. This Court certifies, pursuant to Rule 22(b), Fed.R.App.P., that petitioner has probable cause to appeal.

SO ORDERED.