CITY OF GROSSE POINTE v PUBLIC SERVICE COMMISSION

Docket Nos. 78-2818, 78-2819. Submitted June 8, 1979, at Lansing.—
    Decided September 24, 1979.

Defendant The Detroit Edison Company (Edison) filed an applica-
    tion with defendant Public Service Commission (PSC) for a rate
    increase. During the pendency of that application Edison
    moved for an interim rate increase and the PSC, after hearing,
    granted an interim rate increase of $25 million annually,
    subject to refund in the event the increase in the final order is
    less. Plaintiffs, the cities of Grosse Pointe Park, Highland Park,
    Grosse Pointe Woods, Harper Woods, Royal Oak, Livonia, Ann
    Arbor, Inkster and Warren, filed suit in the Ingham Circuit
    Court against the PSC and Edison for an injunction staying
    and an order vacating the PSC interim order. The Attorney
    General, the City of Detroit and the County of Wayne filed a
    separate lawsuit against the PSC in the Ingham Circuit Court
    seeking the same relief. Edison moved to intervene and the
    court granted the motion. The cases were consolidated by the
    court, Michael G. Harrison, J., and the order of the PSC was
    affirmed. The Attorney General appeals. *Held:*

    1. Section 85 of the Administrative Procedures Act requiring
    administrative orders to contain findings of fact applies to
    interim rate orders of the Public Service Commission.

    2. An interim rate increase order of $25 million by the
    Michigan Public Service Commission does not violate § 85 of
    the Administrative Procedures Act relating to findings of fact
    by administrative agencies where the commission found that
    the utility company was earning less than the rate previously
    found to be reasonable, that the utility had been subjected to
    large increases in fuel costs, wages and taxes, that the utility's
    revenue deficit was at least $30.8 million and that at least
    several months would elapse before a final order would issue
    and the revenue lost during the interim would be irretrievable.

    Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
64 Am Jur 2d, Public Utilities § 134.

PUBLIC SERVICE COMISSIONS — UTILITIES — INTERIM RATE INCREASE —
   STATUTES.
   An interim rate increase order of $25 million by the Michigan
   Public Service Commission does not violate a section of the
   Administrative Procedures Act relating to findings of fact by
   administrative agencies where the commission found that the
   utility company was earning less than the rate previously
   found to be reasonable, that the utility had been subjected to
   large increases in fuel costs, wages and taxes, that the utility's
   revenue deficit was at least $30.8 million, and that at least
   several months would elapse before a final order would issue
   and the revenue lost during the interim would be irretrievable
   (MCL 24.285; MSA 3.560[185]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Hugh B. Anderson, Roderick S. Coy* and *Albert Ernst,* Assistants Attorney General, for the Attorney General.

*Arthur E. D'Hondt* and *James E. Riley,* Assistants Attorney General, for Michigan Public Service Commission.

*Fischer, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr.,* and *Francis E. Bentley),* for The Detroit Edison Company.

Before: DANHOF, C.J., and M. F. CAVANAGH and H. R. CARROLL,* JJ.

PER CURIAM. This is a public utility rate increase case. On March 30, 1972, the Michigan Public Service Commission issued an interim rate order granting The Detroit Edison Company a 25 million dollar interim rate increase. On appeal to the Ingham County Circuit Court the decision of the commission was affirmed.

On appeal to this Court, four issues were raised. The first was whether the interim order had to

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

contain findings of fact in compliance with § 85 of the Administrative Procedures Act of 1969, being MCL 24.285; MSA 3.560(185). This Court has applied § 85 to interim rate orders in *Attorney General v Public Service Comm,* 63 Mich App 69; 234 NW2d 407 (1975), *lv den* 395 Mich 779 (1975). We conclude, as did that Court, that application of § 85 is appropriate in reviewing such interim orders.

Next, appellant argued that the Michigan Public Service Commission did not make sufficient findings of fact to support the interim order. That issue lacks merit, the commission having specifically found: that the utility company was earning less than the rate previously found reasonable by the commission; that the utility company had been subjected to large increases in fuel cost, wages and taxes; that the utility company's revenue deficiency, based upon the commission staff's minimum position, was at least $30,861,000; and, that at least several months would elapse before a final order would issue and the revenue lost during that period was irretrievable. The grant of some interim rate relief was supported by all four findings and the amount was within the range of evidence.

The third and fourth issues, relative to the staff "investigation and report" and the necessity for a financial emergency when issuing an interim rate order, lack merit on the authority of *Attorney General v Public Service Comm, supra.*

Affirmed.