ATTORNEY GENERAL v INSURANCE COMMISSIONER

Docket No. 56432. Submitted January 6, 1982, at Lansing.—Decided
    June 10, 1982. Leave to appeal applied for.

The Workers' Compensation Rating and Inspection Association of
    Michigan filed a request for a rate increase for all new and
    renewal workers' compensation insurance. The Commissioner
    of Insurance disapproved the rate hike. The association re-
    quested a hearing on the disapproval, and the commissioner
    appointed a nationally recognized authority as hearing officer.
    After the parties filed written exceptions to the hearing officer's
    proposal, the recommended rate was approved by the commis-
    sioner. The hearing officer's recommended rate was subsequently
    agreed to by the parties and approved by the .commissioner.
    The Attorney General intervened by right in the administra-
    tive proceedings and appealed the commissioner's decision to
    the Ingham Circuit Court, seeking a stay of the commissioner's
    final order. The stay was initially granted, Thomas L. Brown J.,
    but then modified to allow the new rates to go into effect
    pending a decision on the merits of the case. The court subse-
    quently affirmed the order of the commissioner. Plaintiff ap-
    peals. *Held:*

    1. The circuit court properly stated the scope of review,
    reviewed the evidence under that standard, and found that the
    decision of the commissioner was supported by competent,
    material, and substantial evidence in the record. The fact that
    the court erroneously concluded that the commissioner's final
    order and opinion was an interim order similar to those in
    utility rate cases is irrelevant.

    2. The commissioner has the authority to approve a rate
    which is adequate and not excessive despite the filer's failure to
    provide sufficient information on one of the statutory rate-
    making factors. The need for such information is within the
    discretion of the commissioner because his expertise in the

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 82 Am Jur 2d, Workmen's Compensation § 672.
[5] 82 Am Jur 2d, Workmen's Compensation § 635.

subject area renders him best suited to determine what consideration is due under the circumstances.

3. The commissioner's conclusions on appropriate Michigan general expenses based on evidence concerning the nationwide experience is reasonable as no evidence suggests that Michigan general expenses would be lower than those in other states. There is no reason not to uphold the circuit court's affirmance of that conclusion.

4. Plaintiff's claims that there was no competent, material, and substantial evidence to support the commissioner's decision regarding the trend factor and the commissioner's conclusion that nonrepetitive reserve strengthening did not substantially affect the proposed rates are without merit.

Affirmed.

1. INSURANCE — RATE INCREASES — WORKERS' COMPENSATION.

A workers' compensation rate increase may not be granted in an interim order by the Commissioner of Insurance, but may be granted by the commissioner without a hearing or may become effective without the commissioner's approval (MCL 500.2408; MSA 24.12408).

2. INSURANCE — RATE INCREASES — WORKERS' COMPENSATION — APPEAL.

The proper scope of review to be applied in reviewing an approval by the Commissioner of Insurance of a proposed rate increase for workers' compensation insurance is whether the final decisions, findings, rulings, and orders are authorized by law, and in cases in which a hearing is required, whether the same are supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 24.201 *et seq.;* MSA 3.560[101] *et seq.).*

3. INSURANCE — RATE INCREASES.

A proposed increase in insurance rates may be disapproved by the Commissioner of Insurance if the filing does not evidence due consideration of the factors required by statute; whether or not due consideration has been given to those factors is a question of fact to be determined from the record in each case (MCL 500.2403[1][a]; MSA 24.12403[1][a]).

4. INSURANCE — RATE INCREASES — COMMISSIONER OF INSURANCE.

The Commissioner of Insurance has the authority to approve a request for an insurance rate increase which is adequate and not excessive despite failure by the filer to provide sufficient

information on one of the statutory rate-making factors (MCL 500.2403[1][a], [d]; MSA 24.12403[1][a], [d]).

5. INSURANCE — RATE INCREASES — JUDICIAL REVIEW.

Judicial review of insurance rate-making is limited because rate-making, as a technical and highly complex process requiring much expertise, is not a judicial function.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald S. Young* and *Robert H. Gorlin),* for Workers' Compensation Rating and Inspection Association of Michigan.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Plaintiff appeals by right from a denial of his petition for judicial review of the Insurance Commissioner's final order approving an increase in workers' compensation insurance rates.

Defendant Workers' Compensation Rating and Inspection Association ("association") is a licensed rating organization subject to MCL 500.2406; MSA 24.12406 which represents workers' compensation insurers in Michigan. Workers' compensation rates are subject to the approval of defendant Insurance Commissioner ("commissioner") under Chapter 24 of the Insurance Code of 1956, MCL 500.2400 *et seq.;* MSA 24.12400 *et seq.*

On September 20, 1977, the association filed for a rate increase pursuant to MCL 500.2406; MSA 24.12406, requesting an increase of 29.6% in the overall level of rates for all new and renewal workers' compensation insurance. Subsequently, the association amended this filing to request an

overall increase of only 28.4%. The commissioner formally disapproved the rate filing, pursuant to MCL 500.2416; MSA 24.12416, on the basis that:

"(1) The association failed to give due consideration to factors mandated in Section 2403(1)(a) of the Michigan Insurance Code * * *;

"(2) The proposed rates were excessive as defined in Section 2403(1)(d) of the Code * * *."

The association then requested a hearing on the disapproval, pursuant to MCL 500.2482; MSA 24.12482. The commissioner appointed a nationally recognized authority in the area of insurance rate-making as hearing officer.

A hearing was held, and the association and the commissioner's staff each submitted closing briefs. On January 23, 1978, the hearing officer presented his proposal for decision which recommended an overall rate increase of 25.2%. Both the association and the commissioner's staff (which had recommended an increase of 17 to 20%) filed written exceptions to the proposal for decision. The commissioner issued his opinion and final order, disapproving in part the findings of fact and conclusions of law of the hearing officer, but affirming the approval of a general rate increase of 25.2%. The association submitted a filing in compliance with the commissioner's final order. The filing was approved April 13, 1978.

On April 24, 1978, plaintiff intervened by right in the administrative proceedings and appealed the commissioner's decision to the circuit court, seeking a stay of the commissioner's final order. The stay was initially granted but then modified to allow the new rates to go into effect pending a decision on the merits of the case. On interlocutory appeal to this Court, plaintiff's motion for

immediate consideration of the modification was granted, but plaintiff was denied relief. Subsequently, the circuit court affirmed the order of the commissioner in an opinion dated November 26, 1980, and from this decision, plaintiff appeals.

Plaintiff first argues that the circuit court erroneously concluded that the commissioner's final order and opinion was an interim order, similar to those issued in utility rate cases, and thus strict adherence to the statutory mandates of the Insurance Code was not required. The association concedes that the commissioner's decision was a final order but argues that the label placed on the order by the circuit court is irrelevant because the circuit court aplied the proper scope of review. The association further argues that its failure to provide sufficient information on one of the statutory rate-making factors did not prevent the commissioner from approving a rate which is adequate and not excessive.

The circuit court's opinion refers to the commissioner's order as both a "final order" and an "interim order". In upholding that order, the court relied on the holdings in *Attorney General v Public Service Comm,* 63 Mich App 69, 77; 234 NW2d 407 (1975), and *Grosse Pointe v Public Service Comm,* 93 Mich App 596, 598; 287 NW2d 1 (1979). In both cases, this Court upheld an interim order issued by the Michigan Public Service Commission which approved a utility rate increase despite the fact that the orders were entered without the benefit of an evidentiary hearing or even a technical report by the commission's staff. These cases were apparently cited by the circuit court in support of its holding that the association's failure to comply with the statutory mandates of the Insurance Code need not result in the reversal of the commissioner's order.

The court's reliance on these two cases is misplaced. An interim utility rate increase is specifically authorized by statute, MCL 460.6a; MSA 22.13(6a), whereas a workers' compensation rate increase may not be granted in an interim order but may be granted by the commissioner without a hearing or may become effective without the commissioner's approval. MCL 500.2408; MSA 24.12408. The procedures for obtaining a rate increase in the areas of utilities and workers' compensation insurance are quite different. However, we agree with the association's argument that a careful reading of the circuit court's opinion discloses that the court's reference to the "interim order" cases was meant to display a concern for preventing rate inadequacy where a rate filing is incomplete. Furthermore, regardless of the label used by the circuit court, the proper scope of review was applied. The court stated the following to be the standard of review:

"In reviewing this matter the court will apply the standards of the Michigan Constitution and the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* According to the Michigan Constitution a reviewing court:
"'* * * shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and in cases in which a hearing is required, whether the same are supported by competent, material, and substantial evidence on the whole record * * *'. Const 1963, art 6, § 28.
"In reviewing the record, there is sufficient evidence to indicate that a rate increase is necessary."

The court then reviewed a number of specific findings by the commissioner and held that each finding was supported by substantial evidence. We find that the circuit court properly stated the

scope of review, reviewed the evidence under that standard, and found that the decision of the commissioner was supported by competent, material, and substantial evidence in the record.

The circuit court found that the association had not strictly followed the mandates of § 2403(1)(a) of the Insurance Code, which states:

"(1) All rates shall be made in accordance with the following provisions:

"(a) Due consideration shall be given to past and prospective loss experience within and outside this state; to catastrophe hazards; to a reasonable margin for underwriting profit and contingencies; to dividends, savings, or unabsorbed premium deposits allowed or returned by insurers to their policyholders, members, or subscribers; to past and prospective expenses; both countrywide and those specially applicable to this state; to underwriting practice, judgment, and to all other relevant factors within and outside this state."

The failure to comply with this statutory requirement was due to insufficient record evidence of the loss experience and of the past and prospective expenses both countrywide and those specifically applicable to this state.

The commissioner expressed grave reservations about the methodology used by the association to support a rate change, particularly its failure to duly consider Michigan loss and expense experience. The commissioner pointed out that proposed increases in rates may be disapproved if a filing does not evidence due consideration of the factors specified in § 2403(1)(a). The commissioner stated that the requirement that due consideration be given to the factors listed in § 2403(1)(a) is a question of fact to be determined from the record in each rate case. Despite the commissioner's finding that the rate filing was legally deficient, he ap-

proved the suggested rate increase, and the circuit court upheld that decision.

Two arguments are advanced in support of the decisions of the circuit court and the commissioner. The first is that the commissioner has broad discretion to determine what constitutes "due consideration" under the circumstances of each rate case. The second is that the need for rates which are adequate, although not excessive, outweighs the need for strict consideration of the statutory factors.

The association argues that the primary rules for insurance rate-making are found in MCL 500.2403(1)(d); MSA 24.12403(1)(d). Section 2403(1)(d) states in pertinent part:

"(d) Rates shall not be excessive, inadequate, or unfairly discriminatory. A rate shall not be held to be excessive unless the rate is unreasonably high for the insurance coverage provided and a reasonable degree of competition does not exist with respect to the classification, kind, or type of risks to which the rate is applicable. A rate shall not be held to be inadequate unless the rate is unreasonably low for the insurance coverage provided and the continued use of the rate endangers the solvency of the insurer; or unless the rate is unreasonably low for the insurance provided and the use of the rate has or will have the effect of destroying competition among insurers, creating a monopoly, or causing a kind of insurance to be unavailable to a significant number of applicants who are in good faith entitled to procure the insurance through ordinary methods."

We agree with the association that the factors which must receive "due consideration" are not independent requirements, but describe only the means by which the requirements of § 2403(1)(d) must be met. These two sections must be read in connection with each other. Such a reading sug-

gests that rates may be approved despite failure to give due consideration to the factors listed in the statute in order to avoid inadequacy of rates. The absolute language of § 2403(1)(d) suggests that the subsection's requirements of reasonableness, adequacy, and lack of unfair discrimination must be met if a rate filing is approved. The words "due consideration" in § 2403(1)(a) suggest that the commissioner has discretion to determine the relative importance to be accorded the failure to provide adequate information on one of the statutory rate-making factors. We find that the commssioner has the authority to approve a rate which is adequate and not excessive despite the filer's failure to provide sufficient information on one of the statutory rate-making factors. The need for such information is within the discretion of the commissioner because his expertise in the subject area renders him best suited to determine what consideration is due under the circumstances.

We note that this holding is consistent with decisions rendered on this issue from other jurisdictions. In *Oklahoma State AFL-CIO v State Board for Property & Casualty Rates,* 463 P2d 693 (Okla, 1970), the court upheld the rates as necessary despite the defendant's failure to comply with the statutory requirements. The court in *In the Matter of: A Filing Made by North Carolina Fire Ins Rating Bureau for Review of Experience of Fire Ins,* 275 NC 15, 39-40; 165 SE2d 207 (1969), held that the reasonableness of rates was the ultimate question to be considered by the insurance commissioner. Thus, failure to provide the statutorily required information may justify either approval or disapproval of a rate filing because such a decision is within the commissioner's discretion under these circumstances. *Ins Services Office v*

*Whaland,* 117 NH 712; 378 A2d 743 (1977), *Cald-well v Ins Co of North America,* 235 Ga 141; 218 SE2d 754 (1975), *Long v National Bureau of Casualty Underwriters,* 209 Tenn 435; 354 SW2d 255 (1962). We agree with the other courts which have held that judicial review of insurance rate-making is limited because rate-making, as a technical and highly complex process requiring much expertise, is not a judicial function. *Ins Services Office v Whaland, supra, Travelers Indemnity Co v Williams,* 190 So 2d 27 (Fla App, 1966), *Long v National Bureau of Casualty Underwriters, supra.*

Plaintiff also argues that in certain specific respects the decision of the commissioner was unsupported by competent, material, and substantial evidence. Plaintiff claims that since the association failed to submit data complying with the statutory directive, the seven percent general expense factor is not supported by the record. Plaintiff also claims both that the 1.13 trend factor adopted by the commissioner and the conclusion that nonrepetitive reserve strengthening did not substantially affect loss ratios used to determine rates was unsupported by the evidence.

The category of "general expenses" encompasses an insurer's expenses for items such as payroll audit costs, inspection and safety measure costs, bureau and association costs, and all other administrative costs. The association, in its rate filing, claimed that these costs equalled eight percent of the premiums. The commissioner found that the association had failed to show an eight percent factor was appropriate by a preponderance of the evidence, and therefore concluded that an expense factor of greater than seven percent was not warranted. This decision was upheld by the circuit court. Although little or no evidence was pre-

sented concerning the experience of insurers in Michigan alone, the association submitted evidence concerning past experience with general expenses throughout the country. Despite the fact that the nationwide data indicated that an eight percent general expense factor was appropriate, the commissioner approved only a seven percent factor, due to the association's failure to adequately consider the Michigan experience. The commissioner's conclusions on appropriate Michigan general expenses based on evidence concerning the nationwide experience is reasonable, as no evidence suggests that Michigan general expenses would be lower than those in other states. We see no reason not to uphold the circuit court's affirmance of that conclusion.

We find no merit in plaintiff's claims regarding the trend factor and the commissioner's conclusion that nonrepetitive reserve strengthening did not substantially affect the proposed rates. The use of a trend factor in calculating the insured's loss experience (i.e., amount of benefits the insurer has to pay in a given period) is within the discretion of the commissioner, who is best qualified to both estimate the trend and determine its applicability to the insurer's loss experience. The fact that the trend factor could not be calculated with mathematical certainty does not preclude the commissioner from estimating an appropriate factor. In addition, plaintiff presents no evidence to refute the commissioner's finding that nonrepetitive reserve strengthening, which occurs when an insurer increases loss reserves to meet the level of its latest cost estimates, has little or no effect on proposed rates. Therefore, plaintiff's claim is without merit.

Affirmed. No costs, a public question being involved.